# IN THE SUPREME COURT OF IOWA

No. 89 / 05-0621

Filed September 22, 2006

**STATE OF IOWA**,

Appellee,

vs.

**WILLIAM BASINGER, FRANK CORDARO, CARLA DAWSON, GILBERT DAWES, JEANNE FIRTH, FRAN FULLER, JAMES JOHNSON, JANE MAGERS, MICHAEL SCHORSCH, MARIAN SOLOMAN, BRIAN TERRELL, CAROLYN WALKER, and ELTON DAVIS**,

Appellants.

---

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

Defendants appeal taxation of jury and court reporter fees. **AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

Sally Frank, Drake University Legal Clinic, Des Moines, and Judie Levy, Student Legal Intern, for appellants Basinger, Cordaro, Dawson, Dawes, Firth, Fuller, Johnson, Magers, Schorsch, Soloman, Terrell and Walker.

Tara Elcock, Des Moines, for appellant Davis.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, John P. Sarcone, County Attorney, Olubunmi Salami,

Assistant County Attorney, and Tanya Fawcett, Student Legal Intern, for appellee.

**LAVORATO, Chief Justice.**

In this appeal, we are asked to determine whether the clerk of the district court correctly taxed each jointly tried defendant convicted of a simple misdemeanor a jury fee of $100 pursuant to Iowa Code section 625.8(1) (2003) and a court reporter fee of $15 per day pursuant to Iowa Code section 625.8(2). We conclude the clerk correctly taxed the jury and court reporter fee to each nonindigent defendant. However, because of Iowa Rule of Criminal Procedure 2.67(9), the clerk incorrectly taxed the court reporter fee to the indigent defendants. Accordingly, we affirm in part and reverse in part the judgment of the district court and remand the case for a correct entry of costs.

## I. Background Facts and Proceedings.

On March 22, 2003, a number of individuals gathered across the street from the STARC Armory in Johnston, Iowa to protest the war in Iraq. A security officer with the Amory warned the protestors that they would be arrested for trespass if they crossed a tar line on the road. Disregarding the warning, the protestors crossed the line. They also disregarded the officer's warning that if they did not leave they would be arrested.

Later that day, William Basinger, Frank Cordaro, Elton Davis, Carla Dawson, Gilbert Dawes, Jeanne Firth, Fran Fuller, James Johnson, Jane Magers, Michael Schorsch, Marian Soloman, Brian Terrell, and Carolyn Walker (the defendants) were arrested and charged with trespass, a simple misdemeanor, in violation of Iowa Code sections 716.7(2)(*b*) and 716.8(1). Dawson was arrested later than the others. She had crossed the tar line to take pictures of the group, was told she would be arrested if she did not leave, and did not leave after being warned.

The defendants pleaded not guilty and made a jury demand. The defendants were jointly tried, and a jury found each defendant guilty of the

charge. Later, the district court imposed the following sentence on each defendant: $50 fine (pursuant to Iowa Code section 903.1(1)(*a*)), 30% criminal penalty surcharge (pursuant to Iowa Code sections 903.1(4) and 911.2), $125 law enforcement initiative surcharge (pursuant to Iowa Code section 911.3(1)(*a*)), and court costs. In addition, the defendants were each taxed as costs the full amount of the court reporter fee and the jury fee; those fees were not apportioned among the defendants.

The defendants appealed to the district court, which affirmed each conviction. The court concluded no errors were committed by the clerk in taxing the costs to the defendants. In so concluding, the court noted that each defendant was given a file and unique case number, the cases could have been tried individually, and a separate finding of guilt was entered for each of the defendants. As to the court reporter fee, the court noted that it could not find anything in the record that showed only two indigent defendants requested a transcript. The court concluded that because none of the defendants opted out of the trial with a court reporter, court reporter fees were properly taxed to each defendant.

We granted the defendants' application for discretionary review. *See* Iowa R. App. P. 6.201-6.203 (rules governing discretionary review).

## II. Issues.

The defendants raise the question whether jointly tried defendants should each be taxed the full amount of the jury and court reporter fees. Additionally, the defendants raise the question whether all defendants should have been taxed the full court reporter fees when, according to the defendants, only indigent defendants requested a court reporter.

### III. Scope of Review.

Because resolution of the issues raised turns on interpretation of statutes, our review is for correction of errors at law. *Hansen v. Cent. Iowa Hosp. Corp.*, 686 N.W.2d 476, 479 (Iowa 2004).

### IV. Taxation of Jury and Court Reporter Fees.

Iowa Code section 625.8(1) provides that "[t]he clerk of the district court shall tax as a court cost a jury fee of one hundred dollars in every action tried to a jury." Iowa Code section 625.8(2) provides that "[t]he clerk of the district court shall tax as a court cost a fee of fifteen dollars per day for the services of a court reporter." The clerk of the district court taxed each defendant $100 as a jury fee and $150 as a court reporter fee. (Because a court reporter was needed for the eight-day trial and two additional hearings, the court reporter fee amounted to $150.)

The defendants contend the clerk should have apportioned the $100 jury fee among the thirteen defendants requiring each defendant to pay 1/13 of the fee or $7.69. The defendants contend that the clerk should also have apportioned the $150 court reporter fee among the thirteen defendants requiring each defendant to pay 1/13 of the fee or $11.54.

Not surprisingly, the State disagrees. The State notes that the words "every action" in the jury fee statute supports the district court's ruling that the clerk committed no error in taxing a jury fee of $100 against each defendant. *See* Iowa Code § 625.8(1). "Action," the State asserts, is defined as "any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree." *Black's Law Dictionary* 31 (8th ed. 2004). In this case, the State argues, thirteen judgments of guilty were entered as a result of thirteen actions tried to a jury; the clerk accordingly taxed court costs for each judgment entered. The State relies on the same reasoning to support the district court ruling that the clerk committed no error in taxing

a court reporter fee of $15 per day against each defendant for each of the hearings.

This court has long been committed to the rule that costs are not apportioned in criminal cases. *See, e.g., City of Cedar Rapids v. Linn County*, 267 N.W.2d 673, 674 (Iowa 1978); *State v. Belle*, 92 Iowa 258, 260-61, 60 N.W. 525, 526 (1894); *State v. Verwayne*, 44 Iowa 621, 621 (1876). In *Belle*, this court held that the predecessor statutes to what are now Iowa Code sections 625.1 (costs recoverable by the successful party against the losing party), 625.3 (court can make an equitable apportionment of costs when a party is successful on part of the party's demand), and 625.4 (apportionment among numerous parties) do not apply to criminal prosecutions. *See City of Cedar Rapids*, 267 N.W.2d at 674 (citing *Belle*, 92 Iowa at 260, 60 N.W. at 526, for this proposition). In reaching its conclusion, the court in *Belle* reasoned as follows:

> It seems to us clear from the language of these sections that they do not apply to criminal prosecutions. In criminal prosecutions the party is successful as to all or as to no part of his demand, the demand upon the one hand being guilty, and upon the other, innocent. Though there may be several defendants and several judgments, there can be but one plaintiff; and, where there are several defendants and several judgments, the costs follow the judgment without apportionment.

92 Iowa at 260-61, 60 N.W. at 526 (reversing district court's apportionment of court costs among the defendant, the county, and the state and taxing all of the costs to the defendant in a murder case; the district court had apportioned the costs because the jury found defendant guilty of a lesser included offense).

We adopt the rule that costs are to be taxed by the case, that is, one fee for each case. Such a rule is in harmony with the jury and court reporter fee statutes and the no apportionment rule. The rule makes sense

because each defendant here had a case file with a separate case number and each had a case presented to the jury for which a court reporter was used. It was necessary for the prosecution to present evidence specific to each defendant to prove the charge against each defendant. Viewed in this manner, the rule also eliminates the defendants' objection that the clerk here was trying to recover multiple times for the same costs. Accordingly, we conclude each defendant was properly taxed a jury fee of $100 for his or her case and a court reporter fee of $15 per day except as to the indigent defendants, as we discuss later in this opinion.

### V. Whether All Defendants Should be Taxed Court Reporter Fees.

Iowa Rule of Criminal Procedure 2.67(9), pertaining to simple misdemeanors, provides in relevant part:

> The proceedings upon trial shall not be reported, unless a party provides a reporter at such party's expense. . . . If the defendant is indigent and requests that the proceedings upon trial be reported, the judicial magistrate shall cause them to be reported by a reporter . . . at public expense.

Iowa R. Crim. P. 2.67(9).

The defendants contend that only two of the defendants, both of whom were indigent, requested court reporter services and that none of the defendants who had funds made such a request. The defendants further contend that the rule does not shift the costs to the defendant at the end of trial as part of the costs of the action but only states that the reporter will be provided at public expense. In these circumstances, the defendants conclude, none of the defendants should have to pay the court reporter fee because the rule only provides that the reporter will be provided at public expense.

We agree with the defendants that court reporter fees cannot be taxed against the indigent defendants because rule 2.67(9) clearly provides

otherwise.  However, contrary to the defendants' contention, the rule *only* exempts indigent defendants and says nothing about a blanket exemption for all other jointly tried defendants.  For this reason, we think the defendants are reading the rule too broadly.

The record fails to show that any of the nonindigent defendants objected to having the proceedings reported.  They had the advantage of such services, and we consider their silence as a waiver of any objection to having the proceedings reported.  Having failed to object, they are responsible for the court reporter fee.

We disagree with the district court's holding that Iowa Code section 815.9(3) somehow obligates the indigent defendants in this case for the court reporter fee.  That provision provides:

> *If a person is granted an appointed attorney,* the person shall be required to reimburse the state for the total cost of legal assistance provided to the person.  *"Legal assistance"* as used in this section shall include not only an appointed attorney, but also transcripts, witness fees, expenses, and any other goods or services required by law to be provided to an indigent person entitled to an appointed attorney.

Iowa Code § 815.9(3) (first emphasis added).  As the defendants point out, none of the defendants requested or was granted a court-appointed attorney.  We agree with the defendants that by its language section 815.9(3) does not apply.

The State cites Iowa Code section 815.13 to uphold the district court ruling.  That provision provides:

> The county or city which has the duty to prosecute a criminal action shall pay the costs of depositions taken on behalf of the prosecution, the costs of transcripts requested by the prosecution, and in criminal actions prosecuted by the county or city under county or city ordinance the fees that are payable to the clerk of the district court for services rendered and the court costs taxed in connection with the trial of the action or appeals from the judgment.  The county or city shall

pay witness fees and mileage in trials of criminal actions prosecuted by the county or city under county or city ordinance. These fees and costs are recoverable by the county or city from the defendant unless the defendant is found not guilty or the action is dismissed, in which case the state shall pay the witness fees and mileage in cases prosecuted under state law.

Iowa Code § 815.13. Because the district court did not consider this provision in its ruling, we will not consider it for the first time on appeal. *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) (holding that court will not consider an issue raised for the first time on appeal). Moreover, we have serious doubts whether the statute even applies.

## VI. Disposition.

In sum, we conclude that the clerk of the district court correctly taxed a jury fee of $100 to each defendant. The clerk also correctly taxed a court reporter fee of $15 per day to each nonindigent defendant but incorrectly taxed such fee to the indigent defendants. Accordingly, we affirm in part and reverse in part the judgment of the district court and remand the case for a correct entry of costs.

**AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS.**