# IN THE SUPREME COURT OF IOWA

No. 80 / 03-2034

Filed September 22, 2006

**STATE OF IOWA**,

Appellee,

vs.

**PHILLIP DEAN MCFARLAND**,

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Appeal from restitution judgments. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Christopher Kragnes, Sr., of Kragnes, Tingle & Koenig P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger and William A. Hill, Assistant Attorneys General, John P. Sarcone, County Attorney, Steve Foritano and George Karnas, Assistant County Attorneys, for appellee.

**LAVORATO, Chief Justice.**

Phillip McFarland appeals from a district court ruling denying all of his claims as set out in his petition challenging restitution judgments in three cases, which were combined for hearing. We transferred the case to the court of appeals, which affirmed in part, reversed in part, and remanded the case for further proceedings. We granted McFarland's application for further review.

We conclude the court of appeals erred when it apportioned the court reporter fee of fifteen dollars per day pursuant to Iowa Code section 625.8(2) (2003) among the three cases, contrary to the district court's ruling that such fee is to be taxed as to each case. Accordingly, we vacate the court of appeals decision and affirm the district court judgment.

## I. Background Facts and Proceedings.

McFarland was sentenced to a fifteen-year prison sentence for convictions in three separate criminal cases: SR 111588 (conspiracy to commit second-degree burglary, assault causing bodily injury, and false imprisonment), FE 111646 (second-degree burglary), and FE 111876 (two counts of impersonating a public official and two counts of false imprisonment). Sentencing orders in those cases required McFarland to pay court-appointed attorney fees to the extent he was reasonably able to do so and court costs. Because the amounts of restitution were not available, the sentencing orders stated that supplemental orders would follow.

Supplemental orders were entered in each case detailing the amount of attorney fees and court costs McFarland was required to pay. The clerk of district court sent the supplemental restitution orders to the Iowa Department of Corrections but neglected to send copies of the orders directly to McFarland. The department then prepared plans of restitution in each case and provided the plans to McFarland. When McFarland received

the plans from the department, he requested copies of the supplemental restitution orders from the clerk of the district court. The clerk refused to provide such copies based on the mistaken belief that the department would provide copies of the orders to McFarland. McFarland then requested the copies from the department for which he had to pay the department copying charges of $3.82.

On May 7, 2003, McFarland filed a "petition to strike or modify restitution plan" in the district court, challenging the plans on a number of grounds. Following two hearings, the district court rejected all but one of McFarland's challenges. One of those rejected challenges was to the clerk's taxation of court reporter fees to McFarland. Iowa Code section 625.8(2) provides that the "clerk of the district court shall tax as a court cost a fee of fifteen dollars per day for the services of a court reporter." McFarland contended that section 625.8(2) authorizes only one fee to be taxed per day and that the fifteen-dollar fee should have been apportioned among the three cases.

McFarland appealed, raising numerous issues. We transferred the case to the court of appeals, which affirmed the district court ruling in all respects except one. The court concluded the clerk should have taxed only one court reporter fee for a single hearing and that fee should have been taxed proportionately to each case combined for that hearing. The court reversed the district court ruling on this issue and remanded the case with instructions that the court costs be taxed in accordance with its opinion. The court of appeals did not address McFarland's contention that the clerk of court should be ordered to reimburse him $3.82 that he had to pay the department to obtain copies of the supplemental restitution orders.

McFarland filed an application for further review, which we granted.

Because we conclude the court of appeals was correct with respect to the issues upon which it affirmed, we do not address those issues. We will restrict our discussion to the court-reporter-fee issue and the claim for reimbursement. *See Anderson v. State,* 692 N.W.2d 360, 363 (Iowa 2005) (holding that this court on further review can review any or all of the issues raised on appeal).

## II. Court Reporter Fee.

As noted, Iowa Code section 625.8(2) provides that "[t]he clerk of the district court shall tax as a court cost a fee of fifteen dollars per day for the services of a court reporter." In *State v. Basinger,* 721 N.W.2d 783 (Iowa 2006), we confirmed our long-standing rule that court costs are not apportioned in criminal cases. *Basinger,* 721 N.W.2d at 786. In applying section 625.8(2), we adopted the rule that costs are to be taxed "by the case, that is, one fee for each case." *Id.* In *Basinger,* a multidefendant trial, we concluded that each defendant was properly taxed a court reporter fee of fifteen dollars per day. *Id.* at 787.

Applying the one-fee-for-each-case rule here, we conclude, contrary to the court of appeals decision, that the district court was correct in holding that the clerk of district court properly taxed a court reporter fee of fifteen dollars per day for each case. McFarland had to present evidence specific to each case for which a court reporter was used whether the case was heard separately or in a combined hearing. Thus, contrary to McFarland's contention, the clerk's taxation of costs did not constitute double billing. *See Basinger,* 721 N.W.2d at 786-87 ("The rule makes sense because each defendant here had a case file with a separate case number and each had a case presented to the jury for which a court reporter was used. It was necessary for the prosecution to present evidence specific to each defendant

to prove the charge against each defendant. Viewed in this manner, the rule also eliminates the defendants' objection that the clerk here was trying to recover multiple times for the same costs.").

### III. Claim For Reimbursement.

Although the court of appeals did not address this issue, the district court did. The district court had it right when it declined to address the issue whether the clerk of court would be liable to McFarland for the copying charges because the clerk is not a party to this action.

### IV. Disposition.

In sum, we conclude the court of appeals erred in apportioning the court reporter fee among McFarland's three cases. Accordingly, we vacate the court of appeals decision and affirm the district court judgment.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**