# IN THE SUPREME COURT OF IOWA

No. 17–0270

Filed March 29, 2019

**STATE OF IOWA,**

   Appellee,

vs.

**TYSON J. RUTH,**

   Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Greene County, Adria A.D. Kester, District Associate Judge.

Defendant convicted of theft in the second degree appeals from the provision of a sentencing order relating to the taxation of court courts. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, and Nicola Martino, County Attorney, for appellee.

**CADY, Chief Justice.**

In this appeal from a judgment and sentence on conviction of the crime of theft in the second degree, the defendant claims the district court imposed an illegal sentence by requiring him to pay the total court costs in the case. We vacate the decision of the court of appeals, affirm the district court in part, reverse in part, and remand the case for resentencing on the taxation of court costs.

## I. Background Facts and Proceedings.

The State charged Tyson Ruth by an eight-count trial information with multiple crimes of burglary, theft, possession of illegal drugs, and a single count of ongoing criminal conduct. The crimes involved multiple victims. A portion of the evidence supporting the charges was a product of a search of Ruth's home by police pursuant to a warrant.

Counsel was appointed to represent Ruth in the case, and he filed a motion to suppress the evidence. On the day of the hearing on the motion, the State and Ruth reached a plea agreement. Under the agreement, Ruth would plead guilty to one count of theft in the second degree, and the remaining counts of the trial information would be dismissed. The count of conviction involved a theft from a victim named Michael Strautman. The prosecutor and Ruth agreed victim restitution would be limited to the count of conviction. The prosecutor also informed the court that the State would be asking that Ruth pay court costs, but no agreement between the parties was identified. The plea agreement was subsequently memorialized during the plea hearing. In explaining the sentence and punishment Ruth faced by pleading guilty, the district court informed him that he "would be required to pay court costs of '[the] action, including costs of your court-appointed attorney.' "

At the sentencing hearing, the district court imposed a sentence for the crime of theft in the second degree. In doing so, it ordered that Ruth pay the "court costs of [the] action." The judgment and sentence also dismissed the remaining counts in the case, adding that the "costs are taxed to the defendant." A docket report subsequently generated by the clerk of court in the case identified court costs of $482.20. These costs included a $100 filing fee for the trial information; eight sheriff fees ranging from $21.50 to $43.76 for serving subpoenas to various individuals, including Michael Strautman; a $40 court reporter fee of a plea hearing; a $40 court reporter fee for the sentencing; and a sheriff's fee of $69.98 to transport Ruth to serve his sentence of incarceration. The district court determined Ruth was not able to pay the court-appointed attorney fees.

Ruth appealed from the judgment and sentence. He claimed the district court should have apportioned the court costs to limit his responsibility to pay only those costs associated with the single count that resulted in the conviction. He claimed no agreement existed for him to pay the costs associated with the dismissed counts. Ruth also raised claims of ineffective assistance of trial counsel.

We transferred the case to the court of appeals. It found Ruth failed to show that the total bill of costs he was ordered to pay included costs associated with the dismissed counts. The court of appeals further found the claims of ineffective assistance of counsel should be resolved by postconviction relief. Ruth sought, and we granted, further review.

## II. Standard of Review.

Our review of restitution orders is for correction of errors at law. *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004). "When reviewing the restitution order, we determine whether the court's findings lack

substantial evidentiary support, or whether the court has not properly applied the law." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001).

### III. Disposition.

In *State v. McMurry*, ___ N.W.2d ___, ___ (Iowa 2019) (filed today), we modified and explained our holding in *State v. Petrie*, 478 N.W.2d 620 (Iowa 1991). We reiterated that a sentencing court may only order an offender in a multicount criminal case to pay restitution for court costs attributable to those counts for which the offender was convicted. In *Petrie*, we clarified this rule in three ways. We said (1) restitution for costs was limited to the costs attributed to the count or counts of conviction, (2) restitution could not be ordered for costs attributed to dismissed counts, and (3) restitution for court costs not associated with any single count is assessed proportionally between the dismissed counts and the counts of conviction. *Id.* at 622.

In *McMurry*, we modified the third portion of the *Petrie* rule to hold that court costs not associated with any single count must be taxed to the offender, not apportioned.[1] Thus, the only costs that are not now part of the court costs assessed against the offender in a multicount criminal case are those clearly attributed to the dismissed counts.

In this case, the district court sentencing order specifically provided that Ruth pay the court costs associated with the dismissed counts. Importantly, there was no agreement between the parties for Ruth to pay these costs. Thus, the sentencing order was correct only if

---

[1]This holding is consistent with Iowa Code section 602.8106(1)(*a*), that sets a *flat* $100 fee "for filing and docketing a criminal case," and Iowa Code section 625.8(2), that establishes a *fixed cost* of $40 per day for the services of a court reporter. These fees are applied to each case and are not affected by the number of charges within any given case.

none of the itemized bills of cost were attributed to the dismissed counts in the case.

Under the modified rule in *McMurry*, the record in this case supports an assessment of all the court costs against Ruth, except the service fees relating to the subpoenas. The filing fee, court reporter fees, and sheriff transportation fee were clearly either attributed to the count of conviction or were not associated with a single count. Yet, the record does not reveal which sheriff's service fees were attributed to the count of conviction, the counts dismissed, or no single count. We, therefore, remand the case to the district court to determine how the service fees should be apportioned consistent with our decision in *McMurry*.

We understand the time constraints for the district court and the complexity of sentencing, as well as the absence of information that frequently makes the final determination of all of the issues surrounding sentencing difficult. However, the potential for apportionment of court costs in multicount criminal cases that result in both counts of conviction and counts dismissed means sentencing courts can no longer routinely order the defendant to pay the court costs in a criminal case, unless supported by an agreement between the parties or a record showing no court costs are attributed to the dismissed counts. Consequently, the district court should encourage counsel to consider the issue of court costs before sentencing and be prepared to assist in resolving the issue at sentencing. Without an agreement, sentencing courts must either apply the apportionment rule at the time of sentencing to determine the amount of court costs to be paid by the defendant or include a provision in the sentencing order that directs the defendant to pay the court costs identified in the docket report other than those attributed to a dismissed count.

Until a final order is entered, an appeal is not the only remedy for the failure to apportion court costs at sentencing. In the event the sentencing court does not identify the amount of court costs in the sentencing order, a supplemental order will be needed to identify the amount of court costs. The State, the defendant, or the clerk of court can request the supplemental order.

## IV. Conclusion.

We vacate the decision of the court of appeals, affirm the judgment and sentence of the district court in part, reverse in part, and remand for a determination of court costs.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

All justices concur except McDonald, J., who takes no part.