# IN THE SUPREME COURT OF IOWA

No. 16–1722

Filed March 29, 2019

**STATE OF IOWA,**

Appellee,

vs.

**QUINTEN BRICE McMURRY,**

Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.

Defendant appeals from the judgment and sentence for the crime of making a false report and from revocation of probation. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, Doug Eichholz, County Attorney, and Bobbier A. Cranston, Assistant County Attorney, for appellee.

**CADY, Chief Justice.**

In this appeal, we primarily consider whether the district court properly assessed court costs and court-appointed attorney fees in the prosecution of a multicount trial information when one of the counts resulted in a conviction based on a plea of guilty and the other counts were dismissed. On our review, we explain and modify our rule relating to the equitable apportionment of fees and court costs in criminal cases and conclude the district court properly assessed all of the court costs in the case against the defendant. We also hold that the amount of court-appointed attorney fees assessed against the defendant must be determined before the sentencing court determines the reasonable amount the defendant is able to pay. Accordingly, we vacate the decision of the court of appeals, affirm the judgment and sentence of the district court in part, reverse in part, and remand for resentencing on restitution for court-appointed attorney fees.

## I. Background Facts and Proceedings.

Quinten McMurry was charged by a trial information filed on June 24, 2016, with the crimes of false report of an incendiary explosive device in violation of Iowa Code section 712.7 (2016), threats to place an incendiary or explosive device in violation of section 712.8, and harassment in violation of section 708.7(1) and (2). The charges stemmed from an incident on June 14, 2016, while McMurry was serving a term of probation imposed by a deferred judgment for the crimes of child endangerment and interference with official acts. On August 24, 2016, the State dismissed the harassment charge, and the case subsequently proceeded to trial on the false report and threats crimes.

On the day of trial, McMurry reached a plea agreement with the State. The agreement required McMurry to enter into an *Alford* plea of

guilty to the false report charge, and the State would dismiss the threats charge. The plea agreement did not cover payment of court costs. The district court subsequently accepted the guilty plea. McMurry also stipulated to the violation of his probation.

McMurry appeared in court on October 3, 2016, for sentencing on the crime of making a false report and for a hearing on the revocation of probation. The district court sentenced him to a five-year indeterminate term of incarceration for the crime of false report and imposed a two-year indeterminate term of incarceration for the crimes of child endangerment and interference after revoking the deferred judgment. It ordered the two sentences to run consecutively. The district court then suspended the terms of incarceration and placed him on probation. One term of probation required McMurry to reside at the Fort Des Moines Residential Facility. The court also ordered McMurry to pay restitution, including court costs and court-appointed attorney fees. The provision in the sentencing order relating to restitution provided for the payment of "court costs in the amount" to be determined "(clerk to assess)." The provision relating to attorney fees included a finding by the sentencing court that McMurry had "the reasonable ability to pay" the fees and costs, but the amount of fees was left open for a later determination.

Ten days following sentencing, the clerk of court issued a docket report. The report assessed court costs totaling $220, consisting of the trial information filing and docketing fee of $100 and three separate court reporter fees of $40 for the arraignment and bond review hearing, guilty plea hearing, and sentencing hearing.

McMurry appealed from the judgment and sentence, and raised four claims of error. First, he claimed his trial counsel was ineffective for allowing him to enter a plea of guilty to child endangerment without a

factual basis. Second, he claimed the district court erred in ordering him to complete the Fort Des Moines Residential Facility program as a term of probation. Third, he claimed the district court imposed an illegal sentence by ordering him to pay costs associated with counts of the trial information that were dismissed by the State. Finally, he claimed the district court erred in assessing court-appointed attorney fees before the amount of the fees was known.

We transferred the case to the court of appeals. The court of appeals affirmed the judgment and sentence of the district court. It held that a factual basis supported the plea of guilty to child endangerment and that the district court did not abuse its discretion when imposing the terms of probation. It also held that the court costs assessed to McMurry were attributed to the count of conviction and declined to address the attorney-fee claim without a final determination of the total fees. McMurry sought, and we granted, further review.

On further review, we vacate the decision of the court of appeals, but consider only two of the issues raised. We consider whether the district court imposed an illegal sentence by failing to assess court costs proportionately between the count that resulted in the conviction and the two counts dismissed. We also consider whether the district court erred in assessing attorney fees before the amount had been determined. We otherwise agree with the court of appeals decision and summarily hold that the district court did not err in finding a factual basis to support McMurry's plea of guilty to the crime of child endangerment and did not abuse its discretion in ordering placement at the Fort Des Moines Residential Facility as a term of probation.

As to the issues considered on further review, we conclude the district court did not err in ordering McMurry to pay court costs, but erred

in finding he had the ability to pay attorney fees before the amount had been determined. Therefore, we vacate the decision of the court of appeals, reverse the sentence of the district court relating to the ability to pay, and remand the case for resentencing.

## II.  Standard of Review.

"We review the district court's restitution order for errors of law." *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (per curiam); *see also State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001). Through our review, we seek to "determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001); *see also State v. Driscoll*, 839 N.W.2d 188, 190–91 (Iowa 2013).

## III.  Court Costs.

We first address the claim by McMurry that the district court imposed an illegal sentence by ordering him to pay the full amount of the court costs in the case. He claims the district court could only order him to pay one-third of the total costs of the three-count prosecution because the State dismissed two of the counts against him. He asserts the district court was required to apportion the total costs between the counts of conviction and the counts dismissed.

We acknowledge that a sentencing order that imposes an obligation on a defendant to pay court costs not authorized by law would be illegal. *See City of Cedar Rapids v. Linn County*, 267 N.W.2d 673, 673 (Iowa 1978). However, the sentencing order in this case only ordered "court costs" to be paid by McMurry in an amount to be determined and assessed by the clerk of court. The order did not specifically direct McMurry to pay all court costs. Thus, the sentencing order is not illegal on its face because McMurry was convicted and our law authorizes sentencing courts to order

court costs be paid by the offender. *See* Iowa Code § 910.2. Moreover, the sentencing court in this case never addressed or decided which court costs McMurry was required to pay. Instead, we presume the sentencing order only intended McMurry to pay those court costs authorized by law. Thus, the question in this case is whether the amount subsequently set forth in the docket report and assessed by the clerk of court complied with the law. Thus, we review the sentencing order together with the docket report from the clerk of court to determine if McMurry has been assessed court costs not authorized by law.

**A. Apportionment of Court Costs.** Historically, the rule in Iowa that permits apportionment of court costs in civil cases has not been applied to criminal cases. *State v. Basinger*, 721 N.W.2d 783, 786 (Iowa 2006). The rationale for this distinction is a judgment for the plaintiff in a civil case may not necessarily be an unsuccessful outcome for a defendant who was successful on part of the demand. This general reasoning has supported equitable apportionment of costs between the parties. In a criminal case, however, a successful outcome traditionally has been viewed differently. *State v. Belle*, 92 Iowa 258, 260–61, 60 N.W. 525, 526 (1894). A criminal prosecution has been viewed as having two distinct outcomes—guilty or not guilty—and success has been defined for a defendant as not guilty. *Id.*

Notwithstanding, twenty-eight years ago in *Petrie*, we recognized a place for equitable apportionment of costs in criminal prosecutions involving multicount indictments or trial informations when some counts resulted in a conviction and others were dismissed. 478 N.W.2d at 622. In *Petrie*, the defendant was charged by a three-count trial information with the crimes of driving while barred, possession of a controlled substance with intent to deliver, and being a habitual offender. *Id.* at 621.

The State brought the charges after the defendant was stopped for violating a rule of the road while driving a vehicle. *Id.* Police subsequently discovered marijuana in his vehicle. *Id.* The defendant moved to suppress the marijuana as evidence at trial. The district court found the search of the vehicle was illegal and suppressed the evidence. *Id.* A plea bargain subsequently led to a conviction for the charge of driving while barred and a dismissal of the other two counts. *Id.*

Based on those circumstances, we held the restitution order entered at sentencing in the case could only direct the defendant to pay those fees and costs attributable to the charge that resulted in the conviction. *Id.* at 622. To apply this rule, we said (1) restitution for costs was limited to costs attributed to the count or counts of conviction, (2) restitution could not be ordered for costs attributed to dismissed counts, and (3) restitution for court costs not associated with any single count should be assessed proportionally between dismissed counts and the counts of conviction. *Id.* Thus, we said the attorney fees associated with the suppression hearing could not be assessed against the defendant and the defendant should only be required to pay one-third of the costs. *Id.* Court costs were apportioned in the same manner because they were not discrete to any single charge, and the defendant was convicted of one of the three counts. *Id.* McMurry relies on the rule in *Petrie* to support his claim in this case that he should only be responsible for one-third of the court costs.

Since *Petrie*, we have not extended its holding beyond the prosecution of multicount cases resulting in a conviction for some counts and the dismissal of other counts. *See State v. Klindt*, 542 N.W.2d 553, 555–56 (Iowa 1996) (refusing to apply apportionment based on a conviction to a lesser included offense). Additionally, we refused to apply the rule to restitution other than fees and costs in the prosecution of a

multicount case resulting in a conviction for some counts and the dismissal of others in the absence of equitable circumstances supporting apportionment. *State v. Moore,* 500 N.W.2d 75, 76 (Iowa 1993) (refusing to apply the apportionment rule to restitution for money provided by the state to a cooperating witness to make three controlled drug purchases due to defendant's failure to contest the criminal activity); *see also Belle,* 92 Iowa at 261, 60 N.W. at 526 (refusing to apply the apportionment rule to court cost when the defendant was charged with murder but was ultimately convicted of a lesser offense).

In applying the holding in *Petrie* in other cases, however, our court of appeals has observed a flaw in the application of the rule as it pertains to the apportionment of court costs not associated with any one charge. *See, e.g., State v. Johnson,* 887 N.W.2d 178, 182 (Iowa Ct. App. 2016). In *Johnson,* it observed that the dismissal of some counts in a multicount trial information does not automatically establish that a portion of the total court costs in the case is attributable to the dismissed counts. *Id.* Instead, it observed that court costs are often the same in multicount prosecutions as in a single count prosecution. *Id. Johnson,* for example, involved a six-count prosecution that resulted in a conviction based on a plea of guilty to two of the counts and a dismissal of the remaining counts. *Id.* at 180. The court costs in the case consisted of a filing fee, two service fees, and two court reporter fees for the plea hearing and sentencing. *Id.* at 182 & n.3. The total costs in the case were $210. *Id.* at 182.

While the *Petrie* rule would support apportionment of the total costs between the counts dismissed and the counts resulting in a conviction, the counts dismissed under the plea agreement in *Johnson* had no impact on the total costs in the case. *See* Iowa Code § 331.655(1)(*a*) (providing that the sheriff shall collect $15 for service and return of service); *id.*

§ 602.8106(1)(*a*) (establishing a fixed $100 fee for "filing and docketing a criminal case" regardless of the number of charges within the case); *id.* § 625.8(2) (setting a flat $40 fee for court reporter services per case no matter how many charges are included). In other words, the four dismissed counts did not affect the amount of the filing and service fees that were a part of the court costs. Those costs would have been the same if the four dismissed counts had never been prosecuted. Additionally, the reporter fees for the guilty plea hearing and sentencing hearing that made up the remainder of the total court costs were attributed to the counts of conviction. Thus, the State uses *Johnson* to argue there is no justification to apportion court costs between the dismissed counts and the counts of conviction that would have been the same if the defendant had never been charged with the counts that were later dismissed. Other decisions by the court of appeals have made similar observations, which the State seizes upon to support its claim that costs in this case should not be apportioned. *See, e.g.*, *State v. Haywood*, No. 17–1187, 2018 WL 3650328, at *2 (Iowa Ct. App. Aug. 1, 2018); *State v. Smith*, No. 15–2194, 2017 WL 108309, at *5 (Iowa Ct. App. Jan. 11, 2017)*; State v. Kemmerling*, No. 16–0221, 2016 WL 5933408, at *1 n.1 (Iowa Ct. App. Oct. 12, 2016).

We turn to address the issue presented by first looking to the primary statute governing restitution in criminal cases. We do this because costs are generally taxable only when provided by statute. *See City of Cedar Rapids*, 267 N.W.2d at 673. This restitution statute, Iowa Code section 910.2, requires "the sentencing court," in all criminal cases following the entry of guilt or a special verdict upon which a judgment of conviction is entered, to order the offender to pay various forms of

restitution, including "court costs" and "court-appointed attorney fees."[1] For many of the enumerated forms of restitution, including court costs and court-appointed attorney fees, the statute requires the sentencing court to set the amount only "to the extent that the offender is reasonably able to pay." *Id.* The statute clearly provides for the taxation of court costs and fees to the offender, and the question turns on the manner in which the fees and costs are taxed.

The State argues the statute only establishes restitution within the context of a criminal case, not counts within each case, which makes the defendant responsible for all fees and costs if any count results in a conviction. It asserts no apportionment should occur because a conviction in a case is what makes an offender responsible for all restitution under the statute, including fees and costs, and points to *Basinger*, 721 N.W.2d

---

[1] Iowa Code section 910.2(1) provides,

> In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, restitution to public agencies pursuant to section 321J.2, subsection 13, paragraph "*b*", court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program pursuant to chapter 249A. However, victims shall be paid in full before fines, penalties, and surcharges, crime victim compensation program reimbursement, public agencies, court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expenses of a public defender, contributions to a local anticrime organization, or the medical assistance program are paid. In structuring a plan of restitution, the court shall provide for payments in the following order of priority: victim, fines, penalties, and surcharges, crime victim compensation program reimbursement, public agencies, court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, contribution to a local anticrime organization, and the medical assistance program.

at 786, and *State v. McFarland*, 721 N.W.2d 793, 794 (Iowa 2006), as examples in which we have applied the statute consistent with this approach.

In *Basinger*, we rejected the apportionment of statutory jury and reporter fees among thirteen jointly tried defendants. 721 N.W.2d at 786. Instead, we held such costs were taxed separately to each individual case because the prosecution was required to present evidence specific to each case, and the court reporter was required to record testimony specific to each case. *Id.* Similarly, in *McFarland*, we applied the same one-fee-for-each-case approach involving a defendant convicted of eight counts arising from a trial involving three separate cases. 721 N.W.2d at 794–95. We rejected the defendant's claim that the fees and costs should have been apportioned among the three cases for the same reasons we expressed in *Basinger*. *Id.* In both cases, we found restitution was based on the outcome of each case, but each holding was a response to claims by the defendants that the total costs should be apportioned among each case consolidated for trial instead of fully assessed separately to each case. *See McFarland*, 721 N.W.2d at 794–95; *Basinger*, 721 N.W.2d at 786. Thus, these cases are not a rejection of apportionment among counts, but a rejection of apportionment of costs among separate cases tried together.

While the governing statute relies on a "conviction" as the trigger for the sentencing court to impose the requirement on "each offender" to pay restitution "[i]n all criminal cases," Iowa Code § 910.2, it is far from clear that the statute expresses the further legislative intent to exclude any equitable apportionment among counts within a case under any circumstances. Instead, it is fair to say that the statute is silent on the issue of apportionment of restitution in multicount prosecutions when one or more counts result in a conviction and other counts are dismissed. In

*Petrie*, we did not view this silence in the statute to foreclose the apportionment of costs and fees between counts that resulted in a conviction and those that were dismissed. *See* 478 N.W.2d at 622. Instead, we supplemented the silence in the statute with a rule that permitted the court to apportion costs and fees or to direct the costs to be paid based on an agreement between the parties for the payment of fees and costs associated with the dismissed counts. *See State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012) (indicating when a statute is silent on a matter and the gap was not intended by the legislature, we can carry out the legislative intent with a rule based on the purposes and policies of the statute and the consequences of competing interpretations). Consequently, the statute, supplemented by our caselaw, permits the apportionment of costs and fees in criminal cases.

The State also launches a frontal attack on the holding in *Petrie* by asserting it is contrary to the traditional rule that does not recognize apportionment of costs in any criminal cases. Yet, this traditional rule did not develop in the context of a multicount criminal case we faced in *Petrie* but, instead, arose in the context of criminal cases in which costs followed the judgment without the need to consider apportionment because success under the judgment came down to either guilt or innocence. *Belle*, 92 Iowa at 260–61, 60 N.W. at 526. The principle case, *Belle*, involved a verdict on a lesser included offense that did not support apportionment of costs based on an acquittal on the greater offense since the case still resulted in a verdict of guilt. *Id.* In creating the bright-line rule in *Belle*, a potential distinction for cases involving multiple offenses was recognized but not used to frame a narrower rule. *Id.*; *see also City of Cedar Rapids*, 267 N.W.2d at 674 (indicating *Belle* recognized the distinction between single and multiple charges but declined to use the distinction to decide

the case on the narrow ground that it did not involve multiple counts). Yet, no equitable circumstances were present in *Belle* to drive a narrower rule. *Petrie*, of course, reversed this broad approach *sub silentio* and now sits alongside the restitution statute to govern the narrow application of equitable apportionment. *See* 478 N.W.2d at 622.

This background helps to explain the approach we took in *Petrie*, as well as the equitable exception we carved from the general rule that fees and costs are not apportioned in criminal cases. It reveals that success for defendants to criminal cases can include more than a complete acquittal when some counts of a multicount case are dismissed. It reveals that the particular circumstances of the case can make it equitable to apportion the costs and fees between those that are clearly attributed to the counts of conviction and those that are clearly attributed to the dismissed counts. For example, in *Petrie*, all of the attorney fees in defending the case were not generally connected to the prosecution of the case. *Id.* Instead, a portion of those fees connected to the suppression issues were clearly attributed to the dismissed drug count. *Id.* Finally, the background also helps to reveal that equitable apportionment should not apply to costs and fees not specifically connected to a count that is dismissed or to one that results in a conviction. Instead, these costs and fees should be taxable to the offender.

We conclude *Petrie* took a misstep when it apportioned fees and costs not clearly attributed to any single count. If costs and fees would have been incurred in the prosecution of a count of conviction even if the dismissed counts had not been prosecuted, equity does not support apportionment. In *Petrie*, the filing fee for the trial information was the same regardless of the number of counts or the fact that some of the

counts were dismissed. Thus, no equitable basis existed to order the defendant to pay only one-third of these costs.

Accordingly, the problem with *Petrie* is not the exception created to the general rule against apportionment in a criminal case, but the way the rule was articulated to permit apportionment of fees and costs not attributed to any single count. Apportionment must be based on equitable circumstances, and the portion of the fees and costs attributed to the dismissed count must relate to those circumstances.

In this case, McMurry's claim of error only relates to the assessment of the total court costs of $220. Yet, all these costs fall within the category of fees that would have been the same even if the dismissed counts would not have been prosecuted. The filing fee and the three court reporter fees were court costs associated with the charge that resulted in the conviction and were assessed properly against McMurry under *Petrie*, as modified by this case. As a result, we affirm the restitution order entered by the district court as assessed by the clerk of court on the ground that the costs were attributed to the count of conviction.

**B. Modification of *Petrie*.** We continue to recognize the limited role of equitable apportionment of restitution in criminal cases involving multicount prosecutions. It remains as important today as when recognized in *Petrie* in 1991. The taxation of court costs has a broad and significant impact on criminal offenders, and it is important that our rules relating to the assessment of these costs operate fairly and equitably.[2]

---

[2][T]hose with lower socioeconomic status and in predominately minority communities are more likely to bear the burden of these direct and collateral costs. This creates a contradictory effect that disproportionately penalizes citizens for their poverty or the community they live in, adding to their cumulative disadvantage, perpetuating a cycle of criminal justice involvement.

However, fees and costs should not be apportioned in multicount cases that result in both a conviction and a dismissal when the fees and costs would have been the same without the dismissed counts. We, accordingly, modify our rule in *Petrie* and disavow the language that fees and costs not associated with any one charge should be assessed proportionally between the counts dismissed and the counts of conviction. These fees and costs were properly assessed to McMurry.

We emphasize that the role of the sentencing court in utilizing equitable apportionment of fees and costs under the restitution statute is predicated on equity. The rule is not hard and fast, nor time-consuming in its application. It rests within the sound discretion of the sentencing court and is applied to achieve justice, not precision. It is more easily applied to court costs than expenses like attorney fees, but its application to attorney fees can be examined in conjunction with the determination of the ability of an offender to pay such fees. Finally, we reiterate the observation in *Petrie* that the parties are free to agree to the apportionment of fees and costs in a plea agreement. *See* 478 N.W.2d at 622. Since apportionment of fees and costs is recognized in Iowa, the parties to a case may properly agree on the meaning of the equitable apportionment of those fees and costs in a case. Without an agreement, the sentencing court needs to identify the court costs at the sentencing hearing or a supplemental hearing so that the clerk of court can properly assess them.

**IV. Attorney Fees.**

Finally, we address the claim by McMurry that the district court erred by determining his reasonable ability to pay court-appointed

Lily Gleicher & Caitlin DeLong, Ill. Crim. Justice Info. Auth., *The Cost of Justice: The Impact of Criminal Justice Financial Obligations on Individuals and Families* 2 (2018) (footnotes omitted).

attorney fees before the total amount of the fees was determined. We recently addressed this issue in *State v. Albright*, ___ N.W.2d ___, ___ (Iowa 2019), *State v. Petty*, ___ N.W.2d ___, ___ (Iowa 2019), and *State v. Covel*, ___ N.W.2d ___, ___ (Iowa 2019). In those cases, we held that a court shall not enter a final order of restitution until all items of restitution are before it and it has assessed the offender's reasonable ability to pay certain items of restitution.[3] In the present case, the district court failed to determine whether McMurry had the reasonable ability to pay court-appointed attorney fees before entering a restitution amount on this item. In summary, it did not follow the statutory procedures as outlined in our recent case law. Accordingly, we reverse the sentencing order pertaining to the assessment of court-appointed attorney fees and remand the case for resentencing on restitution for court-appointed attorney fees.

### V. Conclusion.

We affirm the district court on all issues raised on appeal except to remand the case for resentencing on restitution for court-appointed attorney fees.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

All justices concur except McDonald, J., who takes no part.

---

[3]Restitution items requiring an "ability to pay" determination include crime victim assistance reimbursement, restitution to public agencies pursuant to section 321J.2, subsection 13, paragraph "*b*", court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program pursuant to chapter 249A.

Iowa Code § 910.2.