# IN THE COURT OF APPEALS OF IOWA

No. 18-1033
Filed June 5, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BRUCE RANKIN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

Bruce Rankin appeals from the restitution portion of the sentencing order.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Bruce Rankin appeals the sentence imposed upon his conviction for two counts of indecent contact with a child.  Pursuant to Iowa Code section 815.9 (2016), the court ordered Rankin to pay restitution of court-appointed attorney fees. In its sentencing order, the district court found, "[T]he defendant has the reasonable ability to pay attorney fees in the total cost of legal assistance approved by the State Public Defender."  The amount of court-appointed attorney fees was not before the court at the time of sentencing.  Rankin contends the district court erred in determining he had the reasonable ability to pay an unknown amount of attorney's fees.[1]

We review restitution orders for legal error.  *Albright*, 925 N.W.2d at 158.  A court can only order restitution for court-appointed attorney fees "to the extent the offender has the reasonable ability to pay."  *Id.* at 159.  In *Albright*, the supreme court held that for the category of restitution including court-appointed attorney fees, the sentencing court shall not enter a final order of restitution until all items of restitution are before it; "then and only then shall the court make an assessment as to the offender's reasonable ability to pay."  *Id.* at 162; *see also State v. Covel*, 925 N.W.2d 183, 189 (Iowa 2019); *State v. McMurry*, 925 N.W.2d 592, 601 (Iowa 2019).

---

[1] The State argues Rankin's claim is not ripe for appellate review.  The State made the same argument in *State v. Albright*.  *See* Appellee's Brief at 55–58, *State v. Albright*, 925 N.W.2d 144 (Iowa 2019) (No. 17-1286), 2018 WL 7890463, at *55–58.  However, the supreme court implicitly rejected the claim by ruling on the issue.  *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019).

Here, the sentencing court determined Rankin possessed the reasonable ability to pay court-appointed attorney fees as restitution without knowledge of the total amount of court-appointed attorney fees owed.  The court erred in doing so. *See McMurry*, 925 N.W.2d at 601 (reversing the sentencing order pertaining to the assessment of court-appointed attorney fees and remanding for resentencing on restitution for court-appointed attorney fees).  Consequently, we reverse the part of the sentence regarding restitution and remand the case for resentencing consistent with *Albright*.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**