# IN THE COURT OF APPEALS OF IOWA

No. 18-1258
Filed July 3, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KEVIN DWAYNE GARVIN,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Kevin Garvin appeals restitution-related orders following his criminal conviction. **ORDER VACATED AND REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

In May 2018, Kevin Garvin entered an *Alford*[1] plea to second-degree robbery. In July, the court sentenced Garvin to an indeterminate term of incarceration not to exceed ten years with a mandatory minimum of five years. *See* Iowa Code §§ 711.3, 902.9(1)(d), .12(3) (2018). The court also ordered Garvin to "make any restitution." The court noted "there is no restitution right now" but indicated it would subsequently issue a restitution order. In its written sentencing order, the court ordered Garvin to make restitution in an amount to be determined. However, the court found Garvin had no reasonable ability to pay restitution for court-appointed legal assistance under Iowa Code section 815.9(5).

Garvin appealed.[2] On July 31, Garvin was transported from the county jail to a state prison facility. In October, pursuant to Iowa Code section 356.7, the county sheriff filed an application for reimbursement for room-and-board fees in the amount of $10,395 relative to Garvin's time in the county jail. The district court entered an order approving the claim the same day.[3] There is nothing in our record to indicate the court made a reasonable-ability-to-pay determination as to Garvin's ability to reimburse the county for room-and-board fees. Although the order

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

[2] Although the remainder of the procedural matters discussed below occurred after Garvin filed his notice of appeal, they are included in the record provided us on appeal, as the record was not transmitted to the supreme court clerk until March 2019. *See* Iowa Rs. App. P. 6.801, .802.

[3] Upon such approval, the claim for the amount owed by Garvin became "a judgment for purposes of enforcement by the sheriff." Iowa Code § 356.7(3).

approving the claim for room-and-board fees notified Garvin of his ability to dispute the claim within fifteen days, no such dispute appears in the record on appeal.

On appeal, Garvin argues the court improperly ordered him to pay restitution for court costs including correctional fees without first determining his reasonable ability to pay the same. The State responds Garvin's challenge is premature "because no restitution plan or restitution plan of payment exists." We disagree. While the supreme court has stated "[r]estitution orders entered by the court prior to the final order are not appealable as final orders," *State v. Albright*, 925 N.W.2d 144, 161 (Iowa 2019), both of Iowa's appellate courts have frequently vacated restitution-related orders absent a final restitution order.[4] Further, the order entered against Garvin became "a judgment for purposes of enforcement by the sheriff" upon approval by the court. Iowa Code § 356.7(3).

It is undisputed that the district court can only order restitution for "court costs including correctional fees approved pursuant to section 356.7" to the extent the offender has the reasonable ability to pay. *Id.* § 910.2(1); *Albright*, 925 N.W.2d at 159. Here, the district court made no determination of Garvin's reasonable ability to pay restitution for court costs including correctional fees before rendering judgment against him for the same. The imposition of court costs including correctional fees "must await the filing of a final restitution plan and a determination of [Garvin]'s ability to pay." *Smeltser*, 2019 WL 2144683, at *1. Applying *Albright*,

---

[4] *See, e.g.*, *State v. Headley*, 926 N.W.2d 545, 549, 553 (Iowa 2019); *State v. McMurry*, 925 N.W.2d 592, 601 (Iowa 2019); *State v. Petty*, 925 N.W.2d 190, 194, 197 (Iowa 2019); *State v. Covel*, 925 N.W.2d 183, 187–89 (Iowa 2019); *Albright*, 925 N.W.2d at 162; *State v. Rankin*, No. 18-1033, 2019 WL 2372142, at *1 (Iowa Ct. App. June 5, 2019); *State v. Maresch*, No. 18-1296, 2019 WL 2151674, at *1 (Iowa Ct. App. May 15, 2019); *State v. Rawls*, No. 18-0882, 2019 WL 2145722, at *2 (Iowa Ct. App. May 15, 2019); *State v. Smeltser*, No. 18-0998, 2019 WL 2144683, at *1 (Iowa Ct. App. May 15, 2019).

we vacate the court's imposition of correctional fees against Garvin pending completion of a final restitution order and a subsequent assessment of his reasonable ability to pay.  We remand the matter to the district court for receipt of a final restitution plan and a determination of Garvin's reasonable ability to pay.

**ORDER VACATED AND REMANDED.**