# IN THE COURT OF APPEALS OF IOWA

No. 18-1787
Filed September 25, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SANTENIO DELAMIKE ACKISS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        Santenio Ackiss appeals his convictions of child endangerment resulting in

bodily injury and child endangerment.  **CONVICTIONS AFFIRMED, SENTENCE**

**VACATED IN PART, AND REMANDED.**


        Mark C. Smith, State Appellate Defender, (until withdrawal), and Melinda J.

Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Following a bench trial, the district court found Santenio Ackiss guilty of child endangerment resulting in bodily injury and child endangerment. On appeal, Ackiss contends (1) the court's findings are not supported by substantial evidence, (2) the court impermissibly imposed court costs on charges for which he was acquitted, and (3) the court failed to make a determination of his ability to pay restitution.

## I.    *Sufficiency of the Evidence*

The crime of child endangerment requires the State to prove several elements, including the following: the person "[k]nowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety." Iowa Code § 726.6(1)(a) (2017). "A person who commits child endangerment resulting in bodily injury to a child or minor . . . is guilty of a class 'D' felony." *Id.* § 726.6(6). "A person who commits child endangerment that is not subject to penalty [under enumerated provisions] is guilty of an aggravated misdemeanor." *Id.* § 726.6(7).

Ackiss challenges the State's proof on the "knowingly" element. "Knowingly" means acting with knowledge that one's conduct creates a substantial risk to a child's safety. *State v. Leckington*, 713 N.W.2d 208, 214 (Iowa 2006). "[T]he definition of substantial risk in the context of child endangerment means the very real possibility of danger to a child's physical health or safety." *State v. Schlitter*, 881 N.W.2d 380, 390 (Iowa 2016) (internal quotation marks and citation omitted). "The risk does not have to be likely, just real or identifiable." *Id.*

The district court made the following pertinent findings. A woman called 911 about "a domestic dispute." A Des Moines police officer met the woman at a street corner and observed her outside her vehicle. He also observed "a broken passenger side window on the right rear passenger side sliding door." The woman informed the officer that Ackiss "broke, or as she described it, 'busted' the rear passenger side window of the minivan," injuring "[t]wo children . . . when the glass was shattered." The children "present at that time appeared to be scared." "[S]ome of the children had shattered glass on their clothes and hair." "[T]he window was broken with force such that glass entered the vehicle shattering, and hitting and/or falling upon children in the vehicle."

> Ackiss contends
>
> the record does not support a rational inference that [he] broke the glass—whether by hitting the window or slamming the door—with the knowledge that it would likely shatter and spray glass throughout the van and into the far rear seat of the van putting the children at risk.

To the contrary, that is the only rational inference to be drawn from the record.

The officer's body camera captured the woman telling the officer Ackiss "just busted my window and now my kid's bleeding." She continued, "[H]e hit my glass and my kids were in their seat and the glass splattered and it hit them." Although the woman backtracked at trial, testifying she did not "know how" the glass broke, the district court credited her recorded statements to the officer over her trial testimony. We give weight to the court's credibility finding. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (noting the fact finder is "free to reject certain evidence, and credit other evidence").

Not surprisingly, the officer's trial testimony was consistent with the camera footage. He stated that the woman told him Ackiss "broke out the window of the passenger's side sliding door on the van" by "punching it." The officer also described evidence discovered in the ensuing investigation, including glass inside the van. He stated two of the children "had injuries on them." Specifically, "[o]ne of them had the cut to the nose, and another one had the cut on the elbow." The woman told him they received the injuries "[w]hile sitting inside the van when the window shattered, the glass come in their seats." He described the children as "scared."

A detective who also investigated the crime scene and reviewed photos taken at the scene testified "[t]hree of the children had apparent injuries." Based on her interview of the woman, she agreed that what the woman told her was consistent with what she reviewed in the reports.

Substantial evidence supports the district court's determination that Ackiss knowingly acted in a manner to create a substantial risk to the health or safety of the children. *See State v. Bower*, 725 N.W.2d 435, 444 (Iowa 2006). We affirm the court's findings of guilt and convictions for child endangerment resulting in bodily injury and child endangerment.

## II. Costs

The State charged Ackiss with two counts of child endangerment and two counts of child endangerment resulting in bodily injury. The district court acquitted Ackiss of two of the charges. In its sentencing order, the court taxed court costs to Ackiss. The court order also stated, "Pursuant to the plea agreement [Ackiss]

is ordered to . . . pay court costs on any dismissed counts/cases." There was no plea agreement. As discussed, the case went to trial.

On appeal, Ackiss contends the district court "erred in imposing costs against [him] on counts for which he was acquitted." The State responds that Ackiss did not identify any costs arising exclusively from the acquitted counts and the reference to a plea agreement may be corrected with a nunc pro tunc order.

The Iowa Supreme Court recently addressed the issue of cost apportionment in *State v. McMurry*, 925 N.W.2d 592, 595 (Iowa 2019). The court held, "[F]ees and costs should not be apportioned in multicount cases that result in both a conviction and a dismissal when the fees and costs would have been the same without the dismissed counts." *McMurry*, 925 N.W.2d at 600–01. The court additionally explained, "If costs and fees would have been incurred in the prosecution of a count of conviction even if the dismissed counts had not been prosecuted, equity does not support apportionment." *Id.* at 600.

The court reaffirmed the holding in *State v. Headley*, 926 N.W.2d 545, 552–53 (Iowa 2019). There, the court concluded "the State would have incurred the costs assessed against Headley even if it only brought the charges against Headley for which he pled guilty. Therefore, requiring Headley to pay the court costs associated with dismissed charges did not constitute an illegal sentence." *Headley*, 926 N.W.2d at 552–53.

Had the sentencing order in this case simply stated "[c]ourt costs are taxed to Defendant," *McMurry* would dictate affirmance. *See* 925 N.W.2d at 600 (noting all the costs identified by the defendant "fall within the category of fees that would have been the same even if the dismissed counts would not have been

prosecuted"). But the sentencing order referred to taxation of costs on dismissed charges pursuant to a nonexistent guilty plea. We believe the inclusion of this language was more than a clerical error that may be corrected via a nunc pro tunc order. *See State v. Pearson*, 876 N.W.2d 200, 205–06 (Iowa 2016). We vacate the language of the sentencing order requiring Ackiss, "[p]ursuant to the plea agreement," to "pay court costs on any dismissed counts/cases" and remand for entry of a corrected order clarifying court costs are taxed to Ackiss only on the counts that resulted in convictions.

### III.    *Restitution*

In its sentencing order, the district court ordered Ackiss "to make restitution in the amount of $[to be determined]." The court stated, "If the amounts of restitution are not available at the time of sentencing, a supplemental order will follow." Finally, the court found Ackiss had "the reasonable ability to pay restitution of fees and costs in the amount approved by the State Public Defender or $____, whichever is less." The dollar figure was not included.

The Iowa Supreme Court recently addressed the proper procedure with respect to restitution. *See State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019). The court stated, "Courts must wait to enter a final order of restitution until all items of restitution are before the court. Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." *Id.* The court concluded the district court's finding that Albright had the reasonable ability to pay restitution and the order for restitution "without having the amount of each item of restitution before it" was "contrary to the statutory scheme," requiring vacating of the "sentencing order

regarding restitution" and a remand "to order restitution in a manner consistent with this opinion." *Id.* In accordance with the dictates of *Albright*, we vacate the sentencing order as to restitution and remand for further proceedings consistent with *Albright*.

**CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART, AND REMANDED.**