# IN THE COURT OF APPEALS OF IOWA

No. 18-0376
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FRANKIE RAY O'CONNOR,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.


        Frankie O'Connor appeals his sentence following his guilty plea to one count of possession of more than five grams of methamphetamine with intent to deliver in violation of Iowa Code section 121.401(1)(b)(7) (2016).  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, (until withdrawal) and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., Greer, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**POTTERFIELD, Senior Judge.**

Frankie O'Connor appeals his sentence following his guilty plea to one count of possession of more than five grams of methamphetamine with intent to deliver in violation of Iowa Code section 121.401(1)(b)(7) (2016). On appeal, O'Connor argues the district court improperly considered risk assessment scores in the presentence investigation report (PSI) because the scores are not "validated" under Iowa Code Section 901.11(1) and reliance on unvalidated scores violated his rights under the Due Process Clauses of the Fifth and Fourteenth Amendment to the United States Constitution and article I, section 9 of the Iowa Constitution. He also argues his trial counsel was ineffective insofar as they failed to raise those challenges at trial. Additionally, O'Connor claims the district court erred by requiring him to pay court costs associated with the counts dismissed by the State, and requests in a pro se supplemental brief that we reduce his mandatory minimum sentence by fifty percent.

## I.  Background

O'Connor was arrested on January 30, 2017, after entering another person's residence while it was being searched by the police. Police officers searched O'Connor and discovered a bag containing three smaller bags of methamphetamine. O'Connor was initially charged with three counts: (1) conspiracy to deliver a controlled substance and (2) possession of a controlled substance with intent to deliver as a second offender, both in violation of Iowa Code section 123.301(1)(b)(7); and (3) failure to affix a tax stamp in violation of Iowa Code section 453B.12. The parties eventually agreed to a plea agreement

in which O'Connor would plead guilty to count two in exchange for dismissal of counts one and three.

At the sentencing hearing, the court addressed the PSI with counsel before sentencing O'Connor. Although neither party requested any changes or corrections, the court asked the State to address whether risk assessment information was "validated" under section 901.11:

> THE COURT: I do want to ask you one question about the validated risk assessment, because that's one of the factors the Court can use to reduce the mandatory minimum as set forth in 901.11(1). So would the risk assessment that is referenced in the presentence investigative report, would they be considered the type of verified—or I'm sorry—validated risk assessment that's in the statute?
>
> [THE STATE]: Your Honor, I think that's a good example of the legislature not being very practical in what it writes, because there's really never a validated risk assessment done in the PSI. The PSI does give the Iowa risk assessment and the mental health screen, and those sort of things. And I think in my experience, that's what the Court has relied upon as that factor that's set forth by the legislature.
>
> THE COURT: Okay. So I don't know that the presentence investigative report refers to these as being validated, which is kind of a term of art.
>
> [THE STATE]: Correct.
>
> THE COURT: Do you consider it to be validated, or can you state that one way or the other?
>
> [THE STATE]: I can't say that one way or the other, Judge. I don't know any more about that portion of the screening than the Court does based on the PSI.

The court imposed a sentence of twenty-five years and reduced the mandatory minimum by one-third, but did not grant any further reductions:

> With regard to the mandatory minimum reductions, you get the one-third off the one-third, that's because you pled guilty. But I'm not going to grant you any reduction in this case. The factors I'm required to consider are your criminal history, validated risk assessments, and the negative impact the offense has on the victim or any other persons. Your criminal history is not favorable. I mean, you've pretty much been in trouble through your adult

lifetime. You've been offered probation or parole at various points in time. You haven't been successful on those opportunities for the vast majority of them, so I don't see where that factor could be granted to give you any further reduction with regard to the mandatory minimum.

We talked about the issue of the validated risk assessments. The risk assessments that are in the presentence investigative report don't favor you either. But whether they're validated under the statute, I can't really say.

And with regard to the impact the offense has on the victim or the persons, okay, this isn't an assault case or something where the impact is direct. But I think it's fair to say that, you know, we have a meth epidemic in the country, and one of the reasons we have strong laws and strong sentences are to combat that. And even though we don't have direct harm, I think we can say in general the harm of meth dealing in the public is great.

And you weren't there with a small amount of meth. It was a significant amount. So I don't think that favors you either. So there will be no further reduction with regard to the mandatory minimum that is allowed under sections 901.11 and 124.413.

Finally, the court suspended the $5000 minimum fine because of O'Connor's incarceration, but it ordered him to pay several fees and restitution. O'Connor appeals.

## II.   Standard of Review

"Review of sentencing decisions is for correction of errors at law." *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* We review constitutional arguments de novo. *Letscher*, 888 N.W.2d at 883.

"We review the district court's restitution order for errors of law." *State v. McMurry*, 925 N.W.2d 592, 595 (Iowa 2019). "When reviewing the restitution order, we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *Id.* (quoting *Hasselman v. Hasselman*, 596 N.W.2d 541, 545 (Iowa 1999)).

### III.  Discussion

#### a.  Error Preservation

The State first argues O'Connor failed to preserve his challenges to the district court's use of the risk assessment information in the PSI by failing to object at the sentencing hearing. Recent supreme court cases have addressed due process challenges to the use of risk assessment tools by district courts and have concluded defendants waive their rights to assert those challenges on direct appeal when they failed to raise those challenges at sentencing. *See State v. Headley*, 926 N.W.2d 545, 551–52 (Iowa 2019); *State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018). "A court has the right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI." *Gordon*, 921 N.W.2d at 24. The defendant here did not offer an objection or any information about whether or how the risk assessment tools were validated, as shown by the district court's discussion with the prosecutor and the comment about validation it made while sentencing O'Connor. The only information on the record about the tools is the PSI itself, which O'Connor acknowledges on appeal contains no other information about whether the risk

assessment tools were "validated" apart from noting O'Connor was assessed with the Iowa Risk Revised and Dynamic Risk Assessment for Offender Re-Entry assessment tools. In that case,

> It is unfair to the State for us to reverse the district court's sentence for allegedly considering an improper factor when the court needed more information to determine if the factor it considered was improper and the defendant failed to bring that issue to the attention of the court at the time of sentencing.

*Id.* Because we cannot "determine the due process implications of the district court's use of risk assessment tools," *id.* at 23, and O'Connor failed to object, we reject O'Connor's due process challenge.

Additionally, we cannot determine whether trial counsel was ineffective for failing to object to the inclusion of and reliance on the risk assessment tool in the PSI on direct appeal for that same reason. *See State v. Soboroff*, 798 N.W.2d 1, 8 (Iowa 2011) ("Generally, claims of ineffective assistance of counsel are preserved for postconviction relief proceedings. . . . However, if we determine the record is adequate, we may resolve the claim on direct appeal."). We preserve O'Connor's ineffective assistance of counsel claim for a potential future application for postconviction relief.

### b. Court Costs

O'Connor next argues the district court incorrectly assessed the fees associated with the two dismissed counts against him, which makes his sentence illegal. Because neither the plea agreement nor the sentencing order allocate court costs, he argues, those court costs must have been at least partially attributable to the dismissed counts, for which courts are not statutorily authorized to make defendants responsible. *See* Iowa Code § 815.13 ("[F]ees

and costs are recoverable by the county or city from the defendant unless the defendant is found not guilty or the action is dismissed."). But merely asserting that some of the court costs were attributable to dismissed claims does not establish that they were. *See State v. Johnson*, 887 N.W.2d 178, 182 (Iowa Ct. App. 2018) ("The fact that some counts were dismissed does not automatically establish that a part of the assessed court costs are attributable to the dismissed counts. . . . [I]t is up to [the defendant] to establish an over-assessment of court costs."). And the Iowa Supreme Court has recently clarified the rule for apportioning fees to specify "the only costs that are not now part of the court costs assessed against the offender in a multicount criminal case are those clearly attributed to the dismissed counts." *State v. Ruth*, 925 N.W.2d 589, 591 (Iowa 2019). O'Connor does not point to any evidence that shows court costs were over-assessed, costs associated with dismissed charges were assessed against him, nor does he state in his brief what amount of fees were assessed against him at all. Because he has failed to establish costs "clearly attributed to the dismissed counts" were assessed against him, we find no legal error and affirm on this claim.

### c. Pro Se Claims

Finally, O'Connor filed a pro se supplemental brief on August 6, 2018.[1] The brief does not raise issues that were not raised in his appellate counsel's

---

[1] Iowa Code section 814.6A(1) was recently enacted to prohibit defendants currently represented by counsel from filing pro se briefs. *See* 2019 Iowa Acts ch. 140, § 30. While the Iowa Supreme Court has not address that specific provision, it has addressed another provision of that legislation and concluded the change in the law does not apply to cases pending on July 1, 2019. *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Our court recently concluded *Macke*

brief apart from a request to reduce his mandatory minimum sentence by fifty percent. This we cannot grant. As noted above, we review sentencing orders for correction of errors at law. *Letscher*, 888 N.W.2d at 883. Even if we determined the district court abused its discretion in sentencing O'Connor, we cannot resentence him. *See* Iowa Code § 602.5103 ("The court of appeals . . . constitutes a court for the correction of errors at law."); *State v. Luisell*, 865 N.W.2d 590, 606 (Iowa 2015) (Mansfield, J., dissenting) ("The close question for me is not whether we can sentence Louisell on our own to life with parole. Clearly, we cannot do this. We are not a sentencing court.").

**AFFIRMED.**

---

applies to section 814.6A(1). *See State v. Purk*, No. 18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App. Nov. 6, 2019). We conclude section 814.6A(1) does not apply to this appeal, which was filed before July 1, 2019.