# IN THE COURT OF APPEALS OF IOWA

No. 20-0701
Filed February 3, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACOB SCHMITT,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.


A defendant appeals a restitution order.  **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Jacob Schmitt challenges the restitution order from the May 2020 judgment and sentence following his written guilty plea to theft. He contends the district court erred in finding he had the reasonable ability to pay when the amount of jail fees and other court costs were unknown. Because Schmitt waived this claim, we affirm the restitution order.

On a cold January day in northern Iowa, Schmitt stole a black stocking cap from a Casey's General Store. Schmitt told the arresting officer that "he had no money at the time and needed something to keep warm." Because he had two prior theft convictions, the State charged Schmitt with theft in the third degree. *See* Iowa Code § 714.2(3) (2020).

On May 1, Schmitt entered a written guilty plea, agreeing to pay "court costs which include attorney fees." He also waived "presence and time to prepare for sentencing." That waiver discussed the economic consequences of his guilty plea:

> I know that there are a number of other financial obligations that I could be ordered to pay. These are estimated to be court costs including $100 for filing fees; $40 reporting fees for each hearing reported; subpoena and service fees; $60 per day for correctional costs under [section] 356.7; and $60 per hour for court-appointed attorney fees under [section] 815.9. If I believed that I was not able to pay these amounts, I would be entitled to a hearing at a later date, at which time I would be given the opportunity to present evidence about my financial resources and obligations for myself and dependents, the hardships that would result from repayment, and the present and future financial needs and earning ability of myself and dependents. I believe that I am reasonably able to pay these amounts and I WAIVE hearing on that issue. I do request a payment plan of $50 every 30 days.

Schmitt initialed that paragraph and signed the waiver form.

That same day, the court accepted Schmitt's written plea and imposed sentence. The sentence included two years of probation and suspended fines. The court also ordered Schmitt to pay Casey's victim restitution of $5.99—the price of the cap. Relevant to this appeal, the court ordered Schmitt to pay $150 in court-appointed attorney fees and court costs including correctional fees of $60 per day. The court found Schmitt had the reasonable ability to pay in full those "category two" restitution items.[1] Acknowledging Schmitt's request for a payment plan, the court directed him to meet these financial obligations in installments of $50 every thirty days. Schmitt appealed the same day.[2]

Less than two months after judgment entry, the legislature enacted Senate File 457, which made sweeping changes to Iowa's criminal restitution scheme. *See* 2020 Iowa Acts ch. 1074, §§ 65–83; *State v. Hawk*, ___ N.W.2d ___, ___, 2020 WL 7635839, at *2 (Iowa Dec. 23, 2020) (noting legislation's effective date was June 25, 2020). On appeal, both Schmitt and the State assert the new amendments do not apply because the restitution order was final before their

---

[1] Category two includes items

> for crime victim assistance reimbursement, restitution to public agencies pursuant to section 321J.2, subsection 13, paragraph "*b*", court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program pursuant to chapter 249A.

*State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019) (quoting Iowa Code § 910.2(1) (2019)).

[2] We have jurisdiction to hear Schmitt's appeal under the good cause provision of section 814.6(1)(a)(3) because he is contesting the restitution order in his sentence and not his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

effective date. Those assertions aside, because of Schmitt's waiver, we need not address the applicability of the legislative changes.

We review restitution orders for correction of legal error. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991), *holding modified by State v. McMurry*, 925 N.W.2d 592 (Iowa 2019). In reaching a plea agreement, the parties are free to negotiate matters such as the payment of fees and costs associated with the prosecution. *See McMurry*, 925 N.W.2d at 601. Along those lines, Schmitt accepted a plea offer from the State, which included his concession that he was reasonably able to pay court-appointed attorney fees and correctional costs if the court implemented a payment plan. The court did so. Schmitt cannot now "complain of error which he has invited or to which he has assented." *Hackman v. Beckwith*, 64 N.W.2d 275, 281 (Iowa 1954); *see also State v. Jones*, No. 16-1173, 2017 WL 2181575, at *2 (Iowa Ct. App. May 17, 2017) ("Having agreed to consecutive sentences, Jones cannot now be heard to complain about those sentences."). Indeed, the court gave Schmitt the sentence he requested. On this record, we find no cause for reversal.

**AFFIRMED.**