# IN THE COURT OF APPEALS OF IOWA

No. 18-1893
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID LEE HERING,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Muscatine County, Mark D. Cleve,

Judge.


        David Hering appeals a district court order following a restitution hearing.

**AFFIRMED AND REMANDED.**


        David Hering, Fort Madison, pro se appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**MULLINS, Judge.**

In 2004, David Hering was convicted of, and sentenced for, one count of first-degree murder and two counts of attempted murder. The sentencing order required him to pay court costs and additional restitution of $150,000.00 to his victim's estate and $27,409.84 to the Crime Victim Assistance Division (CVAD). In a separate restitution order, the court ordered Hering to pay said amounts of restitution to the victim's estate and to the CVAD, "in addition to any other order requiring payment of court costs, surcharges, fees or restitution." The supreme court affirmed his convictions and the sentences imposed. *State v. Hering*, No. 04-1222, 2006 WL 60678, at *1 (Iowa 2006).

In 2014, Hering filed a petition for a restitution hearing. As a result of that hearing, the district court determined Hering's obligation to his victim's estate was satisfied, which we affirmed. *State v. Hering*, No. 14-1343, 2016 WL 3271910, at *1 (Iowa Ct. App. June 15, 2016). We also remanded the matter to the district court for an order eliminating his obligation to the CVAD. *Id.* at *2. Hering also claimed a due process violation resulted from the State withdrawing money from his inmate account without giving him notice, but we found the record insufficient to facilitate our review and therefore rejected the due process claim. *Id.*

In December 2016, Hering filed another petition for a restitution hearing. Therein, he argued the State improperly deducted $2350.31 from his inmate account over the years. The State did not file a resistance. The court entered an order directing the clerk to "first use the funds to pay any unpaid court costs, attorney fees or other assessed sums due and unpaid and the balance shall be refunded to Hering's prisoner account."

In April 2017, Hering again petitioned for a hearing, noting the clerk of court had not refunded any of the funds to his inmate account. He argued his restitution obligation was satisfied and the procedures used for withholding the funds violated due process for lack of notice. The court denied the motion and Hering's subsequent motions to reconsider, enlarge, or amend as untimely. Hering appealed, arguing he was entitled to a hearing on his claim. *State v. Hering*, No. 17-0724, 2018 WL 1865226, at \*2 (Iowa Ct. App. Apr. 18, 2018). Concluding Hering was entitled to a hearing, we reversed and remanded. *Id.* at \*3–4.

In July 2018, Hering submitted an affidavit noting the amount deducted from his prison account increased to $2581.62—$1284.00 of which came from unsecured loans he obtained from outside sources and $1297.62 of which he received as prison wages.

A hearing was held in August 2018. At the hearing, a representative of the clerk of court's office testified the original sum owed by Hering for court costs, interest, and other fees amounted to $2625.47.

The court found Hering was responsible for $2625.47 in accruing court costs and interest.[1] The court found no basis in law that the amount deducted from his account for prison wages, $1297.62, was impermissible. However, the court found the funds flowing from unsecured loans he obtained from outside sources in the amount of $1284.00 could not be taken to satisfy restitution without a pre-deprivation hearing. *See Walters v. Grossheim*, 525 N.W.2d 830, 832 (Iowa 1994).

---

[1] The court phrased its finding to appear to have concluded none of this amount had been satisfied. However, the court subsequently appeared to have clarified its acknowledgment that funds had been taken from Hering's prison account and put toward satisfying the obligation.

The court therefore ordered that the $1284.00 be returned to Hering. Hering filed a motion to reconsider, enlarge, or amend, in which he generally argued his plan of restitution had been satisfied in its entirety and added that any restitution was required to be collected from his involuntary conservatorship. The court denied the motion and this appeal followed.

Hering forwards various interrelated arguments on appeal. He argues the State's claim for restitution is untimely, the court erred in its determination of the amount of restitution owed, his restitution obligation is satisfied in full because no supplemental order of restitution was ever entered, the procedures used by the State to withhold money from his prison account violated due process for lack of notice, and the State was required to collect restitution from his involuntary conservatorship.

Appellate review of restitution-related orders is for legal error. *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019). Our task is to "determine whether the court's findings lack evidentiary support, or whether the court has not properly applied the law." *State v. Ruth*, 925 N.W.2d 589, 590 (Iowa 2019) (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

Hering first argues the State's restitution claim is untimely. Citing Iowa Code section 910.3, Hering argues the State was required to provide the amount of restitution for court costs within thirty days of sentencing. He is incorrect; that limitation only applies to pecuniary damages to victims, not court costs. *See* Iowa Code § 910.3. And we agree with the State that restitution for court costs and the like can change over time. The original restitution order required Hering to pay restitution to his victim's estate and CVAD, "in addition to any other order requiring

payment of court costs, surcharges, fees or restitution." The sentencing order required Hering to pay court costs. Since the imposition of his sentence, Hering has mounted several attacks upon his conviction and sentence. Consequently, the amount owed for court costs has increased over time. While the original order for restitution did not identify a specific amount for court costs, courts are allowed to enter permanent, supplemental orders "[a]t a later date as determined by the court" "setting the full amount of restitution." *Id.* That is what the court did here. The sentencing order and original restitution order made up the original, but incomplete, plan of restitution. Pursuant to section 910.7(1), Hering petitioned for a restitution hearing. Following the hearing, the court entered an order pursuant to section 910.7(2) modifying the plan of restitution to identify Hering's restitution obligation as to court costs. Thus, the ordering of restitution is not untimely. The foregoing also defeats Hering's argument that his restitution obligation is satisfied in full because no supplemental plan of restitution was entered. The order he claims does not exist is the one precipitating this appeal.

We turn to Hering's claim that the court's determination of the amount of restitution owed for court costs, $2625.47, is not supported by the evidence. He complains the State did not provide a "written itemization." We will affirm the court's determination if it is supported by substantial evidence. *See State v. Paxton*, 647 N.W.2d 106, 108 (Iowa 2004). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *Bonstetter*, 637 N.W.2d at 165 (quoting *Hasselman v. Hasselman*, 596 N.W.2d 541, 545 (Iowa 1999)).

At the restitution hearing, a representative from the clerk of court's office testified Hering owed a total of $2625.47 for court costs, interest, and other fees. Hering declined to cross-examine the representative or otherwise challenge her calculation of the amount owed. The unchallenged testimony, which the court accepted, is substantial evidence in support of the district court's determination Hering's total obligation was $2625.47. The fact that no "written itemization" was provided does not negate the sufficiency of the sworn, unchallenged testimony. We also note our rejection of Hering's claim that the amount reached cannot include accruing interest, as Iowa law treats restitution as a civil judgment. *See* Iowa Code § 910.7A(1); *State v. Hagen*, 840 N.W.2d 140, 151–53 (Iowa 2013).

Next, Hering challenges the court's refusal to order the return of the $1297.62 in prison wages that was deducted from his account. He claims he was entitled to a pre-deprivation hearing before the funds were deducted. He also complains the State deducted the money absent a restitution order specifying the amount owed for court costs. As to the former claim, while an inmate is entitled to a pre-deprivation before the deduction of funds obtained from outside sources, *see Walters*, 525 N.W.2d at 832, the pre-deprivation due process protection does not apply to prison wages. *State v. Bradley*, 637 N.W.2d 206, 217 (Iowa Ct. App. 2001), *abrogated on other grounds by State v. Jenkins*, 788 N.W.2d 640, 647 (Iowa 2010); *see also State v. Love*, 589 N.W.2d 49, 51 (Iowa 1998) ("An inmate does not have a constitutional right to prison wages."). As to the latter claim, the district court's entry of the supplemental order renders the issue moot, subject to the court's determination of Hering's reasonable ability to pay, which will be addressed below. *See generally Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015).

Finally, Hering argues the State was required to collect any restitution from his involuntary conservatorship. In support of his argument, Hering cites various statutes contained in the probate code, Iowa Code chapter 633. But criminal restitution is governed by Iowa Code chapter 910, which provides a variety of methods for collecting restitution. For example, an order for restitution "constitutes a judgment and lien against all property of a liable defendant" and may be enforced "in the same manner as a civil judgment." Iowa Code § 910.7A. While section 633.654 provides for general requirements of form and verification of claims against a ward, conservatorship, or conservator, that statute does not "affect or prevent an action or proceeding to enforce any . . . lien upon the property of the ward." *Id.* § 633.664. We reject Hering's claim that the State was required to proceed against his involuntary conservatorship. We consequently reject Hering's related claim that the State did not give timely notice of deducting prison-wage funds for failure to provide his conservator written notice of its intention to deduct funds. *See id.* § 904.702(1).

Having rejected each of Hering's claims on appeal, we affirm the district court's determination of the amount owed by Hering; its return of funds flowing from unsecured loans; and its refusal to order a return of the funds flowing from prison wages, at least at this juncture. However, we choose to address one additional wrinkle raised by Hering in his reply brief.[2] Hering complains the district

---

[2] While we do not typically consider issues raised for the first time in a reply brief, we find the circumstances here warrant exception. In his reply brief, Hering raises an argument based on our supreme court's recent ruling in *State v. Albright*, 925 N.W.2d 144 (Iowa 2019), which was filed one day after Hering submitted his proof brief on appeal.

court ordered him to pay court costs as restitution without first determining his reasonable ability to pay. *See* Iowa Code § 910.2(1)(a); *Albright*, 925 N.W.2d at 159. The court's supplemental order amounted to a determination of the amount of court costs attributable to Hering. Now that the court has set "the full amount of restitution," the department of corrections is to prepare a plan of payment and forward it to the clerk of court. *Albright*, 925 N.W.2d at 160. Upon receipt of the plan of payment, the court must make an assessment of Hering's reasonable ability to pay and enter a final order of restitution. *See* Iowa Code §§ 910.2(1)(a); .5(1)(a), (1)(d), (5); .6; *Albright*, 925 N.W.2d at 158–62. Thus, we remand the matter to the district court for completion of the remaining restitution procedures. We leave it to the district court to decide whether the previously deducted prison wages are subject to a reasonable-ability-to-pay determination. If so, and the total amount Hering is determined reasonably able to pay is less than the amount that has been deducted from his prison wages, then the court shall order the excess over the amount he is reasonably able to pay be returned to Hering.

**AFFIRMED AND REMANDED.**