STATE of Iowa, Plaintiff–Appellee,

v.

Nicolas Adam LESSNER,
Defendant–Appellant.

No. 00–392.

Court of Appeals of Iowa.

March 14, 2001.

Steven E. Ort of Bell, Ort & Cornell, P.C., New London, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and Michael A. Riepe, County Attorney, for appellee.

Considered by SACKETT, C.J., and ZIMMER and MILLER, JJ.

SACKETT, C.J.

The question raised in this appeal is whether the district court retains jurisdiction to conduct a hearing on restitution defendant allegedly owed a crime victim while the defendant's appeal of the criminal case is pending. We determine under the facts of this case the district court erred in finding it was without jurisdiction to hold a hearing on restitution while the criminal appeal was pending. We reverse and remand to the district court.

Defendant–Appellant Nicolas Lessner pled guilty to assault with intent to commit sexual abuse, in violation of Iowa Code section 709 .11 (1997). On April 26, 1999, he was sentenced to a term of imprisonment not to exceed two years and ordered to pay restitution to the victim and her father of $730.48. The judgment entry also provided, "Inasmuch as counseling is ongoing, a supplemental order may be necessary for future expenses."

Lessner appealed challenging the validity of his guilty plea on a number of grounds but made no challenges to the ordered restitution. We affirmed his conviction. *State v. Lessner*, No. 99–0979, 2000 WL 504654 (Iowa Ct.App. Apr.28, 2000).

In January 2000, while Lessner's appeal was pending, the State filed what it captioned "Amended Statement of Pecuniary Loss." The statement alleged that the victim now sought $3,194.78 in restitution and asked for restitution for three items. The amounts itemized were $915.80 for St. Luke's Hospital and $1,575.50 for a community mental health center. Additionally, the statement included $703.48 for an unidentified expense owed to the victim. The statement further noted that counseling services were ongoing and a supplemental order might be necessary.

In response to the amended statement Lessner filed what was captioned "Application for Hearing on Matters Related to Restitution." He challenged the initial amount of restitution in the sentencing order and also challenged the itemized amounts in the amended request. On February 1, 2000, the district court determined it did not have jurisdiction to entertain the application because defendant's criminal case was on appeal.

Lessner filed this appeal from the February 1, 2000, ruling, claiming the district court erroneously concluded it did not have jurisdiction to consider his application for a hearing on the matters relating to restitution.

Our review of a restitution order is for correction of errors at law. *Teggatz v. Ringleb*, 610 N.W.2d 527, 529 (Iowa 2000); *State v. Watts*, 587 N.W.2d 750, 751 (Iowa 1998). Restitution shall be ordered in all criminal cases in which the defendant pleads guilty or is found guilty. *See* Iowa Code § 910.2; *Watts*, 587 N.W.2d at 751.

The State contends that the district court did not have jurisdiction after the criminal case was appealed to consider the amount of restitution ordered at sentencing. The State correctly concedes, however, that the district court did have jurisdiction after the appeal was filed to consider supplemental restitution.

The time allowed for challenging restitution is addressed in Iowa Code section 910.7, which provides:

At any time during the period of probation, parole, or incarceration, the of-

fender or the office or individual who prepared the offender's restitution plan may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.

Iowa Code § 910.7. This section provides a defendant the opportunity for a restitution hearing at any time during the pendency of the restitution plan. *State v. Izzolena,* 609 N.W.2d 541, 552 (Iowa 2000). The district court had jurisdiction to consider Lessner's challenges to the amended request.

The next question is defendant's challenge to the restitution in the sentencing order. The record is unclear whether the original restitution amount was included in the amendment.[1] However, whether it was or not is not relevant to our resolution of the issue.

■ A defendant challenging a restitution order entered as part of the original sentence has two options, to file a petition in district court under section 910.7, or to file a direct appeal. *State v. Janz,* 358 N.W.2d 547, 549 (Iowa 1984). Defendant did not challenge the restitution on appeal. He challenges the original restitution pursuant to section 910.7.

■ To be considered as part of the criminal proceedings a defendant's petition under section 910.7 must be filed within thirty days after entry of the challenged order. *State v. Blank,* 570 N.W.2d 924, 926 (Iowa 1997). Defendant's application was filed in January 2000, more than thirty days after the judgment entry in his criminal case was filed in April 1999. Therefore, the application should not have been considered part of the criminal proceedings. When a later action is initiated under section 910.7, the suit is civil in nature. *See State v. Alspach,* 554 N.W.2d 882, 884 (Iowa 1996).

■ It is the general rule that the trial court loses jurisdiction over the merits of a controversy once an appeal is perfected. *Shedlock v. Iowa Dist. Court,* 534 N.W.2d 656, 658 (Iowa 1995). An exception to the general rule, however, permits the trial court to retain jurisdiction over disputes between the parties, which are collateral to the subject matter of the appeal. *Kirk v. Iowa Dist. Court,* 508 N.W.2d 105, 108 (Iowa Ct.App.1993). *See also Shedlock,* 534 N.W.2d at 658 (contempt proceedings were collateral); *Schettler v. Iowa Dist. Court,* 509 N.W.2d 459, 463 (Iowa 1993) (sanctions found collateral); *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 897 (Iowa 1990) (attorney fees found collateral); *Universal Coops., Inc. v. Tasco, Inc.,* 300 N.W.2d 139, 142 (Iowa 1981) (alternative method of service was collateral).

Defendant's application was a separate civil proceeding, pursuant to section 910.7. The restitution issue was collateral to the subject matter of defendant's direct appeal in the criminal action. The district court had jurisdiction to consider defendant's application to reconsider the order of restitution in the judgment entry.

The district court should have scheduled a hearing and entertained defendant's January 28, 2000, application for a hearing on restitution. We reverse and remand.

**REVERSED AND REMANDED.**

---

1. The amount shown only as payable to the victim in the amendment is $703.48 while the amount in the sentencing order was $730.48.