# IN THE COURT OF APPEALS OF IOWA

No. 16-0333
Filed October 12, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN J. ZOBEL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette L.

Boehlje, District Associate Judge.

        Justin Zobel appeals the judgment and sentence entered following his

guilty plea.  **AFFIRMED.**

        Nicholas T. Larson of Larson Law Office, PLLC, Osage, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Justin Zobel appeals the judgment and sentence entered following his guilty plea. He alleges he received ineffective assistance from his trial counsel. Because Zobel failed to show counsel breached a duty that resulted in prejudice, his claims fail, and we affirm.

## I. Background Facts and Proceedings.

The State charged Zobel with operating a motor vehicle without the owner's consent. Later, the State filed a statement of pecuniary damages indicating the owner of the vehicle sustained $500 in pecuniary damages. A copy of the statement of pecuniary damages was sent to Zobel's attorney.

Zobel agreed to plead guilty as charged in exchange for the State's agreement to recommend he "be sentenced to serve [ninety] days in jail, to run concurrent with the sentence in [a separate case], that the minimum $625 fine be waived or suspended, and that [he] pay any applicable court costs, fees, and/or surcharges." Inexplicably, the written plea form stated: "Restitution is (not) requested." After entering the written guilty plea, the district court entered its judgment and sentence in accordance with the plea agreement. However, the court also ordered Zobel to "pay, for the benefit of the victim, restitution in the amount as submitted by the county attorney within [thirty] days," but it allowed Zobel to "request a hearing on the amount of restitution."

Two days after entering his plea, Zobel wrote a letter to the court complaining about his counsel's representation, asking his counsel to withdraw, and requesting a change of counsel. The court interpreted the letter as a request to withdraw the guilty plea and denied Zobel's request.

The State then submitted a motion to amend the sentence to require Zobel pay $500 in restitution—the amount noted in the statement of pecuniary damages. The court granted the motion and entered a restitution order requiring Zobel to pay the victim $500 in restitution. The order also stated that Zobel had thirty days to contest the restitution amount.

Two weeks after the sentence was amended to include restitution, Zobel's trial counsel filed a notice of appeal on Zobel's behalf and moved to withdraw as counsel. The court granted the motion that day and appointed the state appellate defender's office to represent Zobel on appeal. Two days later, the appellate defender requested appointment of private counsel because the appellate defender's office could not handle the appeal due to its caseload. Seventeen days after entry of the restitution order, the court appointed private counsel to represent Zobel on appeal. Zobel did not contest the restitution amount in the district court and does not challenge the amount on appeal.

## II. Ineffective Assistance of Counsel.

On appeal, Zobel claims he was not informed prior to signing the written plea of guilty that the State was seeking any form of restitution. He contends "it appears" he was unaware that as a consequence of his guilty plea he would be ordered to pay restitution because his written plea agreement stated: "Restitution is (not) requested." He argues this deficiency rendered his guilty plea unknowing and involuntary, in violation of his due process rights under the state and federal constitutions. Zobel failed to file a motion in arrest of judgment challenging the guilty plea and thereby waived any challenge to the adequacy of his plea. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a

guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). However, he alleges his trial counsel was ineffective in failing to file a motion in arrest of judgment. *See State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006) (noting that where the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel, the normal rules of error preservation do not apply). Because his claims implicate violations of his constitutional rights, our review is de novo. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011).

In order to succeed on his ineffective-assistance claim, a defendant must show counsel breached an essential duty and prejudice resulted. *See State v. Hallock*, 765 N.W.2d 598, 602 (Iowa Ct. App. 2009). To prove prejudice in the guilty-plea context, Zobel must show that but for counsel's error, he would not have entered the plea and would have instead insisted on going to trial. *See id.* at 606. If he fails to prove either the breach or prejudice requirements, his ineffective-assistance claim fails. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Zobel falls short on this burden of proof.

**A. Counsel's failure to file a motion in arrest of judgment.**

Zobel argues that restitution is a consequence of pleading guilty that the court was required to inform him of in order to comport with due process requirements when accepting his guilty plea. Because the written guilty plea does not state that restitution was requested—in fact it states just the opposite—he claims he was not fully informed of the consequences of his plea and,

therefore, his counsel breached an essential duty in failing to file a motion in arrest of judgment.[1]

Iowa Rule of Criminal Procedure 2.8(2)(b) codifies the due process requirements for a guilty plea. *See State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). It states that in order to determine a plea is made voluntarily and intelligently, the court must inform a defendant of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(2). The "mandatory minimum punishment" and the "maximum possible punishment" are "direct consequences of the plea." *State v. Fisher*, 877 N.W.2d 676, 685 (Iowa 2016).

Clearly, restitution is mandatory in cases where there is a plea of guilty. *See* Iowa Code § 910.2 (2015); *State v. Hagen*, 840 N.W.2d 140, 149 (Iowa 2013). But is restitution, in the form of payment of pecuniary damages to a victim, punishment? We think not. "Payment of money under a court order, standing alone, does not make it punishment." *State v. Brady*, 442 N.W.2d 57, 59 (Iowa 1989) (holding court costs are not punishment). One component of restitution concerns "payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution." *Hagen*, 840 N.W.2d at 149 (quoting Iowa Code § 910.1(4)).[2] This component of restitution is

---

[1] Unlike *Meier*, where trial counsel gave erroneous advice to the defendant regarding the law on the amount of time he would be required to serve, Zobel makes no claim here that he was misadvised by his counsel concerning the requirement of restitution as a part of the plea advice. *See State v. Meier*, 337 N.W.2d 204, 206 (Iowa 1983).

[2] A second component of restitution, not at issue in this appeal, includes fines, penalties, and surcharges. *Hagen*, 840 N.W.2d at 149.

compensatory and "nonpunitive." *See Fisher*, 877 N.W.2d at 686 (citing *Brady*, 422 N.W.2d at 59); *accord Hagen*, 840 N.W.2d at 149 (distinguishing restitution in the form of pecuniary damages paid to the victim from the penalty component of restitution). But our inquiry does not end here.

We must then ask if restitution, in the form of payment of pecuniary damages to a victim, is a "direct consequence of a plea." Again, we think not. A "direct consequence" of a plea "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Hallock*, 765 N.W.2d at 605 (citation omitted). Although restitution is mandatory under Iowa Code section 910.2, imposition of Zobel's restitution obligation was not definite, immediate, or largely automatic when the court accepted his guilty plea. Even though the State had previously filed a statement of pecuniary damages in the amount of $500, the sentencing order instructed the county attorney to submit a restitution amount within thirty days of the judgment and sentencing order. Furthermore, the sentencing order provided that Zobel "may request a hearing on the amount of restitution." Because the State had not yet submitted an amount and Zobel had an opportunity to challenge the submitted amount at a hearing, the amount of restitution could not have been definite at the time the plea was accepted. For the same reasons, restitution was not immediate or automatic at the time the plea was accepted. Some two weeks after entry of the judgment and sentence, the State filed a motion to amend his sentence to include restitution. It noted "[v]ictim restitution ha[d] not yet been ordered in this case" and requested restitution in the amount of $500.

In summary, restitution was not definite, immediate, or automatic, and therefore, Zobel's restitution was not a "direct consequence" of his pleading guilty. *See State v. Naujoks*, No. 00-0385, 2000 WL 1724033, at *3 (Iowa Ct. App. Nov. 20, 2000) ("Because payments to the crime victim assistance reimbursement program do not have an 'immediate and largely automatic effect on the range of the defendant's punishment,' we conclude these payments are not a direct consequence of the plea and the court had no obligation to advise [the defendant] of the consequence during the plea colloquy."). Accordingly, the court had no duty under rule 2.8(2)(b) to inform Zobel that the State was seeking restitution.[3] Zobel failed to establish his counsel breached an essential duty because his counsel had no duty to make a motion in arrest of judgment.[4] *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (stating an attorney has no duty to make a meritless motion).

**B. Counsel's failure to request a hearing on restitution.**

Zobel also asserts his counsel was ineffective in failing to request a hearing on restitution. Two days after the original sentencing order was filed, Zobel specifically asked the court to excuse his counsel from representing him further. His counsel filed a request to withdraw—granted the same day—and a notice of appeal, which were both filed during the thirty-day time period the restitution order gave Zobel to contest the restitution award.

---

[3] Expressing no view as to whether restitution in the form of payment of court costs is a "direct consequence" of a plea, our supreme court has suggested that "courts in guilty plea proceedings fully inform defendants of the impact of the restitution provisions of Iowa Code chapter 910." *Brady*, 442 N.W.2d at 59.

[4] Although we need not address the prejudice prong of the ineffective-assistance analysis, we note Zobel makes no claim that, but for his counsel's alleged error, he would have not pled guilty and would have insisted on going to trial had he been informed of the restitution request. *See Hallock*, 765 N.W.2d at 606.

However, the failure of Zobel's counsel to request a hearing on restitution did not foreclose Zobel's ability to challenge the restitution order. "A defendant challenging a restitution order entered as part of the original sentence has two options, to file a petition in district court under section 910.7,[5] or to file a direct appeal." *State v. Lessner*, 626 N.W.2d 869, 871 (Iowa Ct. App. 2001). Zobel does not challenge the restitution order on appeal. He may still initiate a civil lawsuit under section 910.7 challenging the restitution order.[6] *See id.* Because no prejudice occurred, Zobel cannot show his counsel was ineffective. Accordingly, we affirm his judgment and sentence.

**AFFIRMED.**

---

[5] Iowa Code section 910.7(1) provides a defendant "may petition the court on any matter related to the plan or restitution or restitution plan of payment" at "any time during the period of probation, parole, or incarceration."

[6] "To be considered as part of the criminal proceedings a defendant's petition under section 910.7 must be filed within thirty days after entry of the challenged order." *Lessner*, 626 N.W.2d at 871. The restitution order was entered February 8, 2016. New counsel was appointed for Zobel on February 22. The thirty-day deadline, to file a section 910.7 petition to be considered as a part of the criminal proceedings ran on March 9, 2016.