# IN THE COURT OF APPEALS OF IOWA

No. 19-0489
Filed October 7, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEITH EDWARD CUTWRIGHT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William Kelly, Judge.


Keith Cutwright appeals the denial of his request for reimbursement of restitution paid for attorney fees. **AFFIRMED.**


Alexander Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


Considered by Mullins, P.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

After Keith Cutwright pled guilty to multiple charges in 2001, the district court sentenced him to serve consecutive terms of imprisonment totaling fifty years and ordered him to pay restitution, including court costs and attorney fees. A supplemental restitution order set the amount of attorney fees at $697.50. The restitution plan required that twenty percent of the work credits Cutwright earned during incarceration be used to pay restitution. Cutwright never asked for modification of his restitution plan until 2018, when he moved the court to order the return of the restitution he paid for attorney fees. He claimed the trial court erred in assessing attorney fees because it appointed his attorney based on his indigence. Following a hearing at which Cutwright admitted that he paid his restitution obligation in full, the court denied the motion.

Cutwright appeals the denial of his motion, which he now characterizes as a motion to modify restitution under Iowa Code section 910.7 (2018). That section allows an offender to "petition the court on any matter related to the plan of restitution or restitution plan of payment" at any point during probation, parole, or incarceration. Iowa Code § 910.7(1). It also permits the court to "modify the plan of restitution or the restitution plan of payment" before the offender's sentence expires. *Id.* § 910.7(2). This mechanism is the only means for challenging the legality of a restitution order once the deadline for direct appeal has run. *See State v. Gross*, 935 N.W.2d 695, 699 (Iowa 2019).

We review the court's denial of Cutwright's motion for correction of errors at law. *See State v. Davis*, 944 N.W.2d 641, 644 (Iowa 2020). We must determine

whether the court's findings are supported by the evidence and whether it applied the law properly. *See id.*

Cutwright alleges the district court erred in denying his motion because it never determined his ability to pay his attorney fees. *See* Iowa Code § 910.2(2) (stating that the court can order restitution paid for court-appointed attorney fees only if the offender has the reasonable ability to pay); *State v. Albright*, 925 N.W.2d 144, 161 (Iowa 2019). But Cutwright never argued this point to the district court. When asked why the State should refund the restitution payments for court-appointed attorney fees, Cutwright first answered,

> Well, because I wasn't supposed to be charged for it, to start with, sir.
> . . . .
> Because it says right here, it says on the application I filled out for the public defender to start with, it says, "Income at or below 125 percent of guidelines, defendant unable to pay an attorney." And that was signed by the judge.

Later, the court repeated the question:

> THE COURT: So when I asked you why you think you should get that money back, what is your reasoning?
> CUTWRIGHTTHE DEFENDANT: My reason was because I signed a contract stating that I was indigent.
> THE COURT: You signed a contract that says you understand you would have to repay that money back.
> THE DEFENDANT: I didn't see that part until you brought it to my attention.

In other words, Cutwright's sole argument to the district court was that his indigence when the trial court appointed him an attorney relieved him of the burden of ever paying attorney fees. At no point did he claim that he was unable to pay those fees in installments. *State v. Blank*, 570 N.W.2d 924, 927 (Iowa 1997) ("The focus is not on whether a defendant has the ability to pay the entire amount of

restitution due but on his ability to pay the current installments."). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we decide them on appeal." *State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020) (citation omitted).

Setting aside error-preservation concerns, Cutwright's claim still fails. Any claim that he was unable to pay is undercut by the fact that he paid his restitution in full by the time of the hearing on his motion. In addition, our supreme court has construed section 910.7 to allow modification only while the restitution plan is in effect. *State v. Johnson*, 744 N.W.2d 646, 650 (Iowa 2008) (holding that the State could not modify a restitution obligation when "[n]o plan of restitution . . . existed which could be modified under sections 910.7(1) and (2)"); *State v. Izzolena*, 609 N.W.2d 541, 552 (Iowa 2000) (stating that section 910.7 "provides the defendant the opportunity for a restitution hearing at any time during the pendency of the restitution plan"); *State v. Lessner*, 626 N.W.2d 869, 871 (Iowa Ct. App. 2001) (citing *Izzolena*, 609 N.W.2d at 552). At the time of the hearing, there was no restitution plan to modify and nothing left for Cutwright to pay. On this record, the court acted properly in denying the motion.

Cutwright also contends the court erred in failing to appoint counsel without a waiver, though he admits he never requested counsel's appointment. His claim conflicts with *State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996), in which our supreme court held that because an action to modify restitution under section 910.7 is civil rather than criminal, an "offender would ordinarily have no right to appointed counsel under such circumstances." Finding no error, we affirm.

**AFFIRMED.**