# IN THE SUPREME COURT OF IOWA

No. 18–1215

Submitted September 16, 2020—Filed December 18, 2020

**STATE OF IOWA,**

Appellee,

vs.

**TAVISH COLEON SHACKFORD,**

Appellant.

___

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

The defendant requests further review of a court of appeals decision affirming his resentencing without eliminating the jail fees relating solely to the count on which the defendant was acquitted on appeal. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT ORDER REVERSED IN PART AND REMANDED.**

McDermott, J., delivered the opinion of the court, in which Christensen, C.J., and Appel, Waterman, and Mansfield, JJ., joined. McDonald, J., filed a dissenting opinion in which Oxley, J., joined.

Martha J. Lucey, State Appellant Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, John P. Sarcone, County Attorney, and Olu Salami, Assistant County Attorney, for appellee.

**McDERMOTT, Justice.**

A jury found Tavish Shackford guilty of two crimes. The second crime was a "forcible felony," which made Shackford ineligible to post bond and remain free until his sentence began. Iowa Code §§ 702.11(1), 811.1(1) (2015). With no opportunity to bond out after the trial, as he'd been able to do before the trial, Shackford was taken into custody and confined to the county jail for eighty-four days until his sentencing. Under Iowa law, the sheriff or the county may file "a reimbursement claim" for jail fees against a defendant who has been "convicted of a criminal offense." Iowa Code § 356.7(1), (2). The sheriff followed that procedure in this case. The sheriff did not opt to have the jail fees included in restitution, as the pre-2020 version of section 356.7 permitted, but instead to have "the force and effect of a [civil] judgment for purposes of enforcement." *Id.* § 356.7(3).

But Shackford appealed the convictions, and the court of appeals reversed his forcible felony conviction for insufficient evidence. Shackford went back to the district court for resentencing on the lone remaining conviction. The district court revised Shackford's prison sentence, but didn't do anything about the jail fees that resulted only from the dismissed conviction. Shackford appealed his sentence, primarily arguing he shouldn't have to pay the fees attributable to the dismissed charge. The court of appeals affirmed the district court's judgment. We granted further review.

## I. Factual and Procedural Background.

The State initially charged Shackford with willful injury causing serious injury, Iowa Code section 708.4(1), a class "C" felony (count I), and intimidation with a dangerous weapon, section 708.6, also a class "C" felony (count II). The State later added a dangerous weapon enhancement

under section 902.7. When first arrested, Shackford spent two days in the county jail before being released on bond until his trial.

At the January 2017 trial, as to count I, the jury found him guilty of a lesser included offense to the willful injury charge, entering a verdict under section 708.4(2) (a class "D" felony) instead of section 708.4(1). As to count II, the jury found him guilty of the charged crime, intimidation with a dangerous weapon with intent. The verdict under count II meant Shackford had committed a "forcible felony" under section 702.11(1), making him ineligible for continued release on bond until his sentencing under section 811.1(1). So to the county jail he went until his sentencing.

In April 2017, the district court sentenced Shackford to an indeterminate five-year term of incarceration under count I and to a concurrent indeterminate ten-year term of incarceration under count II, but with a required five-year term before he would be eligible for parole because of the weapons enhancement under count II. *See* Iowa Code § 902.7. The district court imposed, but then suspended, a $1000 fine on each count and found him lacking a reasonable ability to pay fees for his appointed attorney. The district court also ordered as to each count I and count II, "Court costs are taxed to Defendant." No amount was stated in the order.

Shackford filed a notice of appeal contesting his convictions. He was transferred from the county jail to a state prison shortly after his sentencing. He'd spent eighty-four nights in the county jail.

We transferred his appeal to the court of appeals. In the interim, in June, the county sheriff filed in the district court two claims for reimbursement for Shackford's two stints in the county jail. The first one, for fees totaling $135, assessed fees for the two days Shackford spent in jail after his initial arrest before he bonded out pretrial. The second order,

for fees totaling $4935, assessed the eighty-four days he spent in jail posttrial when he was ineligible to bond out because of the forcible felony guilty verdict on count II. The district court entered separate orders in the criminal case approving each reimbursement claim.

Nearly a year later, in April 2018, the court of appeals reversed Shackford's conviction as to count II for insufficient evidence. It remanded to the district court for dismissal of count II and ordered resentencing on the sole surviving conviction, count I.

At Shackford's June 2018 resentencing on count I, the district court sentenced him to an indeterminate five-year term of incarceration. It imposed, but then suspended, a $750 fine. It again found him lacking a reasonable ability to pay fees for his appointed attorney. As before, the district court order stated, "Court costs are taxed to Defendant," but the order didn't disclose a cost amount. The order didn't specifically address the fate of the jail fees. The clerk's financial docket report, issued a month later, still showed the $4935 in posttrial jail fees.

Shackford appealed again. He contended the district court erred in holding him responsible for the posttrial jail fees given that he was ultimately acquitted on the forcible felony that was the basis for his posttrial detention. Shackford also urged on appeal that the fees and costs—including the jail fees—were components of restitution, thus requiring the district court to determine whether Shackford had a reasonable ability to pay them before they could be assessed.

The court of appeals found that Shackford was entitled to a reasonable-ability-to-pay hearing on the court costs, but not on the jail fees, because the jail fees were not awarded as part of restitution. *See State v. Gross*, 935 N.W.2d 695, 705 (Iowa 2019). The court of appeals also found that the $4935 in posttrial jail fees were properly assessed

against Shackford. The court reasoned that even though Shackford was ultimately acquitted of count II, he stood "convicted" of that count at the time those jail fees were assessed. Thus, the court of appeals affirmed in part and reversed and remanded in part. We granted Shackford's application for further review.

When we grant further review, we have discretion to let the court of appeals decision stand on specific issues. *State v. Doolin,* 942 N.W.2d 500, 506-07 (Iowa 2020). We do so as to the reasonable-ability-to-pay issue. We will thus focus on the issue of whether Shackford can be assessed posttrial jail fees when he was acquitted of the offense that was the only basis for his posttrial detention.

## II. Jurisdiction.

Before we get to the merits, we must deal with a question of jurisdiction. Shackford contends the appellate determination that there was insufficient evidence on count II and his subsequent resentencing should also result in the elimination of the jail fees attributable to count II. The State (and the dissent) contend that we have no jurisdiction to address those jail fees because they were the equivalent of a civil judgment and thus not part of Shackford's ongoing criminal appeal and criminal resentencing.

It is true that the clerk entered the order imposing the $4935 in jail fees under section 356.7 after his initial convictions before count II had been dismissed. Under section 356.7(3), once the court approves a claim for fees and costs against the defendant, the sheriff or municipality "may choose to enforce the claim in the manner provided in chapter 626" and the claim "shall have the force and effect of a judgment for purposes of enforcement." Iowa Code § 356.7(3). Can we undo the district court's reimbursement claim order in this appeal of Shackford's criminal

sentence? The State argues we can't because the claim for reimbursement under section 356.7 created what amounts to a collateral civil judgment distinct from the sentence. This makes it unlike a restitution order under chapter 910, argues the State, and thus not subject to challenge in Shackford's current appeal of his criminal sentence.

As we've previously indicated, the jail fee award created in this case under the pre-2020 version of section 356.7 is something of a hybrid curiosity. *See Gross*, 935 N.W.2d at 704–05. It is both quasi-criminal and quasi-civil. *See id.* It's born of a criminal prosecution, and is available only if the state secures a conviction. *See* Iowa Code § 356.7(1), (2). However, when (as in this case) the sheriff doesn't elect to include the jail fee award in restitution, it isn't covered by chapter 910. Instead, it "ha[s] the force and effect of a judgment for purposes of enforcement." *Id.* § 356.7(3). Yet, at the same time, it doesn't appear in a separate civil docket; rather, it remains part of the criminal case.

Moreover, nothing in pre-2020 section 356.7 indicates that the jail fee award is untethered from the underlying convictions. *See id.* § 356.7. To the contrary, section 356.7(1) expresses, twice, the notion that reimbursement claims are permitted only when a prisoner "has been convicted of a criminal offense." And the jail fee award (when no separate civil action has been filed) occurs within the criminal case, not in some other civil case.[1]

---

[1]In the 2020 legislative session, the legislature amended section 356.7(4), effective July 15, 2020, to include a provision that states, "A claim for reimbursement shall be filed in a separate civil action rather than as a claim in the underlying criminal case." 2020 Iowa Acts ch. 1074, § 61 (codified at Iowa Code § 356.7(4) (2020). This amendment to the statute wasn't in place when the sheriff filed the claims for reimbursement and the district court entered its orders approving them, and it wasn't in place when the district court sentenced Shackford either time and, thus, doesn't impact the analysis here. Today's decision is limited to the situation in which a jail fee award has not been included in restitution but has been entered *in the criminal case.*

In our view, this means that when the entire criminal judgment is vacated and the case is remanded for resentencing, as occurred here, the district court has jurisdiction over jail fees—along with the rest of that criminal case. Obviously, the district court cannot exceed its mandate from the appellate court. *See State v. Pearson*, 876 N.W.2d 200, 204 (Iowa 2016). So the district court would not have the ability, for example, to order a new trial on count I. But certainly, under pre-2020 law, the district court had jurisdiction over relief entered in the criminal case associated with the now-vacated conviction on count II. And because the district court has jurisdiction, so do we when the resentencing is appealed.

Indeed, to rule otherwise would in effect say Shackford needed to take a duplicative second appeal in the criminal case from the award of jail fees back in 2017, even though he didn't dispute the jail fees per se and his only argument for reversing them was the identical argument he was already raising in the main criminal appeal. That wouldn't make sense.

The dissent makes a lengthy jurisdictional argument about Shackford's appeal, neatly divided up by asterisks. But it is really just *one* argument: that Shackford's only opportunity to appeal the jail fees arose in June 2017, and it is too late to do anything about them now on an appeal from Shackford's June 2018 resentencing. We have already explained why that argument is wrong. At the resentencing, the district court *could* have eliminated the jail fees; the clerk's financial report indicates it did not do so but instead carried them forward. Shackford's timely notice of appeal from the resentencing judgment therefore includes the issue of whether the fees should have been eliminated.

Regarding the dissent, one other point is worth noting. The dissent chastises us for not citing our own unpublished opinion in *State v. Boyer*,

No. 12–1892, 2020 WL 2108129, at *1 (Iowa Mar. 12, 2020) (per curiam), charging us with failing to heed the advice of Blackstone and *The Federalist* to honor "precedent." But *Boyer* is nothing of the kind. Unpublished opinions of this court are not precedential, *see* Iowa R. App. P. 6.904(2)(*c*), which is why our court generally does not cite them. Notably, the State didn't cite *Boyer*. Regardless, *Boyer* doesn't deal with the present situation: an appeal after the jail fee order was entered and after the entire case was sent back for resentencing.

### III. Error Preservation.

The State also argues that Shackford, to preserve error for this appeal, should have asked the court below at resentencing to remove the count II jail fees. We ordinarily require parties to raise issues, and district courts to decide them, before we'll decide them on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Shackford argues that the award of posttrial jail fees amounts to an illegal sentence and that he may challenge them for the first time on appeal. We instead conclude that Shackford may contest the jail fees under the special circumstances of this case.

Here, although the entire criminal judgment had been vacated and Shackford had to be resentenced from scratch, the resentencing order didn't address the jail fees. It wasn't clear the posttrial jail fees remained an obligation of Shackford's until a financial summary was filed on July 16, 2018, after Shackford had filed his notice of appeal. Also, at the time of Shackford's resentencing, our *State v. Gross* decision had not yet come out, and the status of a jail fee award under Iowa Code section 356.7(3) that is not included in restitution might not have been clear. Under these facts, we hold Shackford wasn't required to raise the issue at his sentencing and may raise it now in this appeal.

**IV**. **Merits.**

Turning to the merits, the principal question presented is whether the district court erred when it didn't apportion the fees imposed under section 356.7 between the count of conviction (count I) and the count of acquittal (count II). Shackford urges that we find an apportionment requirement for claim reimbursements imposed under section 356.7, analogous to the one imposed for restitution orders under chapter 910 in *State v. Petrie*, 478 N.W.2d 620 (Iowa 1991) (per curiam), and *State v. McMurry*, 925 N.W.2d 592 (Iowa 2019).

In *State v. Petrie*, we held a restitution order could only direct the defendant to pay fees and costs associated with the counts on which the State secured a conviction and couldn't impose fees and costs associated with dismissed counts. 478 N.W.2d at 622. When costs and fees ordered as restitution weren't clearly associated with any single charge, we required them to be assessed proportionately. *Id.*

In *State v. McMurry*, we qualified our holding in *Petrie* as to the costs that weren't clearly attributable to a particular count of conviction or dismissal. 925 N.W.2d at 599–600. When a cost would have been incurred even if the dismissed count or counts had not been part of the case, the entire cost may be charged to the defendant. *Id.* Shackford initially argued on appeal that his court costs should have been reduced by fifty percent after he was acquitted on appeal on count II, but he abandoned that argument after *McMurry* was decided.

The key factual difference between *Petrie* and this case is that in *Petrie* the costs were imposed as restitution under chapter 910; but in this case, the costs were imposed as a claim reimbursement with the effect of a civil judgment for enforcement purposes under section 356.7. *Petrie*, 478 N.W.2d at 621. We've never previously addressed whether courts

must apportion fees imposed under Iowa Code section 356.7 in the same manner as we've required for restitution under chapter 910.

Shackford contests, specifically, the jail fees assessed for his detention at the county jail for the eighty-four days between his trial and his transfer to state prison. Shackford argues that, if it weren't for the count II forcible-felony conviction that eliminated his bond right, he never would have incurred any of the $4935 in posttrial jail fees while he awaited sentencing.

The rationale behind apportionment of costs for restitution orders in *Petrie* applies just as forcefully to apportionment of costs imposed under section 356.7. Section 356.7 includes a threshold requirement for its application: when a prisoner "has been convicted of a criminal offense." Iowa Code § 356.7(1) (2018) (stated twice in subsection (1)). A nearly identical requirement resides in section 910.2, which compels "a judgment of conviction" in a criminal case before costs can be imposed in a restitution order. *Id.* § 910.2(1)). And we find the same requirement in section 815.13, which permits the recovery of criminal prosecution costs from a defendant "unless the defendant is found not guilty." *Id.* § 815.13.

In *McMurry*, we discussed how the apportionment principle established in criminal prosecutions in *Petrie* had historically been a feature of *civil* law. 925 N.W.2d at 596. Considering the civil judgment characteristics of claims under Iowa Code section 356.7, apportionment has an equal, if not stronger, rationale for application under section 356.7 than under chapter 910.

Both section 910.2 (the focus of *Petrie*) and section 356.7 (the focus of this case) are silent on the issue of apportionment in multicount prosecutions when charges end in some mixture of convictions and dismissals. *See McMurry*, 925 N.W.2d at 599. Interpreting similar silences

on a similar issue in a similar way, we hold courts must apportion fee and cost reimbursement claims under Iowa Code section 356.7 between those clearly attributed to the counts of conviction and those clearly attributed to the dismissed counts.

Because the costs for the eighty-four days are clearly attributed to the forcible felony charge on which Shackford ultimately received an acquittal, and clearly *not* attributed to the charge on which the State proved its conviction, Shackford's reimbursement obligation ordered under section 356.7 must be reduced by $4935.

The court of appeals reasoned that it was sufficient that Shackford stood "convicted" of count II at the time when the jail fees were imposed. But the conviction was being appealed. To that extent, it wasn't final. And as we have already discussed, when the court of appeals vacated the criminal judgment and remanded for resentencing, that gave the district court jurisdiction to reconsider the jail fees in light of there no longer being a conviction on count II.

We also believe *State v. Jackson* is consistent with this result. 601 N.W.2d 354 (Iowa 1999), *overruled on other grounds in State v. Davis*, 944 N.W.2d 641, 647 (Iowa 2020). There we held that the language in Iowa Code section 356.7—"who has been convicted of a criminal offense"— didn't preclude the collection of jail fees for time spent in jail before the defendant has been convicted, so long as the defendant is later convicted. *Id.* at 356. By the same token, section 356.7 does not authorize the collection of jail fees when the defendant is later determined not to be convicted. For purposes of the merits determination, it's the fact of conviction, not the timing, that matters. Section 356.7 doesn't permit collection of room and board from *every* individual who happens to spend time in a county jail, as if the jail were simply public housing with meals

provided, but rather shifts some of the costs of operating the county jail system to *convicted* defendants.

**V. Other Arguments.**

In his application for further review, Shackford asserted a due process violation, claiming that even the $135 in pretrial jail fees were imposed without notice or due process. We generally will not consider issues raised for the first time in a reply brief in an appeal, let alone in an application for further review. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009). In *Gross*, we left these issues "to another case and another day." 935 N.W.2d at 704. We do so here as well. We also note that the legislature's 2020 amendment to Iowa Code section 356.7(4), described in the footnote above, now requires the commencement of separate civil actions for imposing reimbursement claims under the statute and likely will factor into addressing future due process questions on this subject.

**VI. Disposition.**

For the foregoing reasons, we reverse the assessment of $4935 in posttrial jail fees, but we otherwise direct the district court to proceed in accordance with the decision of the court of appeals.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT ORDER REVERSED IN PART AND REMANDED.**

Christensen, C.J., and Appel, Waterman, and Mansfield, JJ., join this opinion. McDonald, J., files a dissenting opinion in which Oxley, J., joins.

**McDONALD, Justice (dissenting).**

The majority's cogitation on the nature of the orders approving the sheriff's claims for reimbursement is interesting but immaterial to the jurisdictional question presented. Whether the orders were criminal, quasi-criminal, civil, or quasi-civil, controlling cases hold the orders were final orders on collateral matters that the defendant was required to separately challenge by timely appeal. The defendant failed to do so. Thus, this court lacks jurisdiction over the defendant's appeal, and I would dismiss the defendant's appeal for want of jurisdiction. *See Walles v. Int'l Brotherhood of Elec. Workers*, 252 N.W.2d 701, 710 (Iowa 1977) (quoting *Carmichael v. Iowa State Highway Comm'n*, 156 N.W.2d 332, 340 (Iowa 1968)) (stating the court "has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it" and can raise the issue "on its own motion").

\* \* \* \* \*

I begin with the relevant inquiry regarding the nature of the orders approving the sheriff's claims for reimbursement. In *State v. Gross*, 935 N.W.2d 695, 699 (Iowa 2019), and *State v. Abrahamson*, 696 N.W.2d 589, 591 (Iowa 2005), we explained jail fees are governed by Iowa Code section 356.7. "Under section 356.7(3), a court-approved claim for room and board may be enforced in two ways: as a judgment in the traditional sense, under Iowa Code chapter 626, or as part of a restitution plan under chapter 910." *Gross*, 935 N.W.2d at 702 (quoting *Abrahamson*, 696 N.W.2d at 591). The statute provided a sheriff with authority to elect the classification of the claim. A sheriff who sought to collect a claim as criminal restitution as part of the defendant's sentence must have explicitly made the election in the claim for reimbursement. *See*

*Abrahamson*, 696 N.W.2d at 591. If the sheriff did not affirmatively elect to collect a claim as criminal restitution as part of the defendant's sentence, as is the case here, then the order approving the claim was classified as "an order with the effect of a civil judgment and *not a criminal restitution order.*" *Gross*, 935 N.W.2d at 704 (emphasis added). In either case, an order approving a sheriff's claims for reimbursement is a final order on a collateral matter. *See, e.g., State v. Valin*, 724 N.W.2d 440, 442 n.1 (Iowa 2006) ("An example of a collateral matter as to which a trial court retains jurisdiction is the modification of an order for restitution in a criminal case." (quoting *State v. Mallet*, 677 N.W.2d 775, 777 (Iowa 2004))); *State v. Lessner*, 626 N.W.2d 869, 871 (Iowa Ct. App. 2001) (explaining matters entered after judgment and sentence are collateral).

The general rule is that a defendant must separately appeal a final order on a collateral matter. *See State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) ("[W]e recognize that rulings on collateral or independent issues after final judgment are separately appealable as final judgments. . . . A defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court.") (citation omitted)); *Bd. of Water Works Trs. v. City of Des Moines*, 469 N.W.2d 700, 702 (Iowa 1991) ("Rulings deciding collateral and independent claims are separately appealable . . . ."); *Lessner*, 626 N.W.2d at 871 (explaining orders regarding collateral matters must be separately appealed).

The "failure to file a separate notice of appeal" on a collateral matter "precludes our appellate review." *Den Hartog v. City of Waterloo*, 926 N.W.2d 764, 773 (Iowa 2019). *See Iowa State Bank & Tr. Co. v. Michel*, 683 N.W.2d 95, 111 ("The defendants failed to file a separate notice of appeal from the district court's post-judgment and post-appeal ruling on

the bank's motion for attorney fees. Therefore, that issue is not before us.").

With that understanding, it is apparent this court lacks jurisdiction over the orders approving the sheriff's claims for reimbursement.

\* \* \* \* \*

Shackford's notice of appeal is facially insufficient to invoke jurisdiction over the district court's orders approving the sheriff's claims for reimbursement. "[N]otices of appeal are to be given a liberal construction." *Iowa Dep't of Hum. Servs. ex rel. Greenhaw v. Stewart*, 579 N.W.2d 321, 323 (Iowa 1998). Here, Shackford's notice of appeal stated Shackford appeals "from the Judgment and sentence entered on the 29 day of June, 2018, by the Honorable Scott D. Rosenberg, Judge of the District Court." The notice of appeal makes no reference to the collateral orders approving the sheriff's claims entered June 7 and 8, 2017, which were entered by Judge Robert J. Blink. Even under a liberal rule of construction, Shackford's notice of appeal is facially insufficient to invoke this court's appellate jurisdiction over the collateral civil orders approving the sheriff's claims entered in June 2017.

We decided this exact issue earlier this year in the indistinguishable case of *State v. Boyer*, No. 18–1892, 2020 WL 2108129, at \*2 (Iowa Mar. 12, 2020) (per curiam). There, "[t]he notice of appeal stated that Boyer was appealing the 'final judgment & sentence entered in these matters on the 24th day of September, 2018.'" *Id.* at \*1. Boyer's entire argument was a challenge, however, to the district court's collateral order entered on a different date that approved the sheriff's claims for reimbursement. *See id.* We noted that notices of appeal are to receive a liberal construction. *See id.* at \*2. We concluded that even under a liberal rule of construction, "[w]hen a party, even a pro se party, files a notice of appeal related to a

specific order, we cannot rewrite it to include an order entered" on a different date.  *Id.*  We concluded we lacked jurisdiction to consider challenges to the order approving the sheriff's claim for reimbursement, and we dismissed the appeal.  *See id.*

Although *Boyer* is directly on point, the majority distinguishes it because it is unpublished.  However, it is not relevant whether the opinion is published or unpublished; the opinion is a decision of this court and is authority, even if not controlling authority.  The mere fact that the opinion is unpublished does not give this court license to disregard its own work.  The majority's disposition is contrary to a basic principle of the rule of law—courts "treat like cases alike."  *June Med. Servs. L.L.C. v. Russo*, ___ U.S. ____, ____, 140 S. Ct. 2103, 2134 (2020) (Roberts, C.J., concurring).

> It has long been "an established rule to abide by former precedents, where the same points come again in litigation; as well to keep the scale of justice even and steady, and not liable to waver with every new judge's opinion."

*Id.* at ___, 132 S. Ct. at 2134 (quoting 1 William Blackstone, *Commentaries on the Laws of England* 69 (1765)).  Following precedent "avoid[s] an arbitrary discretion in the courts."  *Id.* at ___, 132 S. Ct. at 2134 (quoting *The Federalist No. 78*, at 529 (Alexander Hamilton) (J. Cooke ed., 1961)).  I cannot join the majority's resolution of the jurisdictional issue when a unanimous court reached the exact opposite resolution eight months ago.

*  *  *  *  *

This court also lacks jurisdiction over Shackford's challenge to the orders approving the sheriff's claims because his appeal is untimely.  "A notice of appeal must be filed within 30 days after the filing of the final order or judgment."  Iowa R. App. P. 6.101(1)(*b*).  "The rules governing the 'time for appeal are mandatory and jurisdictional.' "  *Concerned Citizens of Se. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 402 (Iowa 2015)

(quoting *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013)). If a party does not timely file his or her notice of appeal, the court has no jurisdiction over the appeal and the matter must be dismissed. *See id.*

*State v. Olsen*, 794 N.W.2d 285 (Iowa 2011), is instructive. In that case, the defendant was charged with domestic abuse. *See id.* at 286. A jury acquitted Olsen, and judgment was entered in January 2009. *See id.* In February and March of the same year, the district court entered two orders taxing Olsen with fees and costs. *See id.* Three months later, Olsen filed a motion to challenge the costs orders, which the district court denied as untimely. *See id.* The defendant appealed from the denial of his motion challenging the cost orders. *See id.* We concluded we lacked jurisdiction to review the cost orders. *See id.* at 289. We explained "Olsen had thirty days to file a notice of appeal once the February 3 and March 24 orders became final. Olson elected not to do so . . . ." *Id.* (citation omitted). We explained Olsen's untimely motion did not "resurrect the district court's jurisdiction in the matter." *Id.* Thus, the district court and this court lacked jurisdiction to disturb the final cost orders. *See id.* ("Accordingly, because Olsen failed to file a timely notice of appeal once the February 3 and March 24 orders became final, this court lacks appellate jurisdiction to entertain the merits of the February 3, March 24, or July 22 judgments.").

Similar to *Olsen*, Shackford did not timely file his notice of appeal from the collateral orders approving the sheriff's claims for reimbursement. On June 7 and 8, 2017, the Polk County Sheriff filed two claims for reimbursement pursuant to section 356.7 in the amounts of $135 and $4935, respectively. On the same days, the district court entered orders approving the sheriff's claim for reimbursement in the requested amounts. To appeal those orders, Shackford was required to

file his notices of appeal by July 7 and 8, 2017. He did not file any notices of appeal within the required time. Instead, he filed a single notice of appeal on July 12, 2018, more than one year beyond the jurisdictional deadline. As in *Olsen*, this court thus lacks jurisdiction over Shackford's challenge to the district court's orders approving the sheriff's claims for reimbursement and must dismiss the same. *See id.*

* * * * *

Shackford failed to timely challenge the collateral orders approving the sheriff's claims for reimbursement, and this court lacks jurisdiction to correct his failure. The orders approving the sheriff's claims for reimbursement were entered after the original judgment and were collateral and separately appealable. Shackford, who knew he was challenging the underlying convictions on appeal, could have separately appealed those collateral orders, but he failed to do so. He also failed to avail himself of the opportunity to vacate the orders approving the sheriff's claims for reimbursement. The orders approving the sheriff's claims for reimbursement were entered in June 2017. Shackford's conviction was vacated in April 2018. At that point, Shackford could have timely petitioned to vacate the orders pursuant to Iowa Rules of Civil Procedure 1.1012 and 1.1013, but he failed to do so. In the absence of a timely appeal or timely petition to vacate the orders approving the sheriff's claims for reimbursement, this court lacks jurisdiction to disturb the same.[2]

Oxley, J., joins this dissent.

---

[2]This is not to say Shackford has no potential avenue for relief. Iowa Rule of Civil Procedure 1.1016 provides a party or interested person may seek to discharge a judgment where a matter "has arisen since its entry." The rule is not "concerned with the impropriety of the judgment *as an original proposition. . . .* [T]his rule deals only with matters which may later have discharged it." *Id.* r. 1.1016 official cmt.